PATTERSON v. CRENSHAW.

There being some evidence tending to identify the land sued for, a non-suit upon the ground that the lands were not sufficiently described or located by the evidence to enable the jury to find a verdict for the same or any part thereof, is erroneous. In actions for the recovery of real property, there ought to be a survey under the order of the court, but it is not indispensable.

Before HUDSON, J., Lancaster, October, 1888.

Action by Wyatt H. Patterson and others, heirs at law of Wyatt

H. Patterson, deceased, against the heirs of Geo. W. Crenshaw, for the recovery of real property, commenced in August, 1886. Plaintiffs sought to prove title by certain deeds to their ancestor. There was evidence giving the boundaries and acreage of two of the tracts of land which formed a part of the whole body of land sued for. On motion for non-suit, the Circuit Judge held that plaintiffs had not proved title back to a grant, or possession under color of title, long enough to presume a grant, except as to the Bailey and Clark tracts; and as to those two tracts, he held as stated in the opinion of this court; and he granted a non-suit. Plaintiffs appealed.

Messrs. *W. D. Trantham* and *Wylie & Wylie*, for appellants.

Messrs. *John C. Haskell* and *R. E. & R. B. Allison*, contra.

April 17, 1890.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   This action was brought by the plaintiffs, heirs at law of Wyatt Patterson, deceased, against the defendants, who held under Wiley Patterson, his brother, for a large tract of land in Lancaster County. The lands consist of four (4) separate adjoining tracts, known by the names of their former owners respectively, and in all aggregating 1,760 acres. One Wyatt Patterson had possession of all of them—acquired at different times and under various circumstances—but, for the most part, without taking paper titles for the same. The defendants denied title in the plaintiffs, and, claiming that they, or Wiley Patterson, under whom they claimed, had been in possession of the lands for sixteen (16) years, set up title by adverse possession and the statute of limitations. The main questions in the case were as to the ownership of Wyatt Patterson, the character of Wiley Patterson's possession, and whether both parties traced title to a common source.

The plaintiffs introduced a mass of parol testimony, which is all in the "Brief," just as it was delivered on the stand; but as no rule of survey in the case had been ordered, there was no plat showing the exact metes and bounds of the different tracts, or of the whole body; and the evidence upon the subject of location

was not clear. Upon the close of the plaintiffs' testimony, the defendants moved for a non-suit, which was granted, principally on the ground that "the land was not sufficiently located to enable the jury to find a verdict for the land, or any part of it." The judge said: "Of the 1,760 acres, there is evidence enough to go to the jury, upon the presumption of a grant, as to the Bailey tract of 940 acres, and the Clark tract of 100 acres; but, unfortunately for the plaintiffs, they have not a particle of evidence to show where the 940 acres is located in reference to the balance of the 1,760 acres, nor where the 100 acres of the Clark land is located. It would be impossible, therefore, in this action, for the jury to render a verdict for the plaintiffs for any portion of this land, unless the portion of the land is located, so that the recovery would enable the plaintiffs to enter upon and take possession of the specific part recovered.

"It is always unsafe to go into these land suits without surveys, and this suit is clearly one, which a previous survey could have furnished us sufficient information, to allow the jury to render a verdict. Under the existing state of the evidence, there is, then, in my opinion, no testimony whatever upon which a jury could render a verdict for the plaintiffs, and, therefore, I have no alternative, taking this view of the case, but to grant the non-suit. This lack of proof would have to be supplied by the proper survey and location of the land, before any verdict rendered in the case would be of any avail. When only a part of the land could, in any event, under the present testimony, be recovered,—the plaintiffs do not seek to recover as tenants in common, but they seek to recover the whole tract, and whilst it is competent for them to say, that, while they are not entitled to the whole, they are entitled to a part—it becomes essential for them to show what part by proper location, and without this location, the verdict of the jury would not be availing, and therefore the non-suit is granted," &c.

From this order the plaintiffs appeal upon the following grounds: "I. Because his honor erred in that he held that the lands sought to be recovered were not sufficiently described or located to enable the jury to find a verdict for the same or any part thereof. II. Because he held that no evidence was adduced, tending to

show that the plaintiffs and the defendants claim title to the land in dispute from a common source. III. Because his honor erred in holding that there was no sufficient proof of the execution and delivery of the deed from Griffin Walker to Wyatt Patterson. IV. Because there being some evidence that both the plaintiffs and the defendants claim from a common source, as well as of the location of the lands, those questions, being matters of fact, should have been submitted to the jury, and his honor erred in refusing to so rule," &c.

From the view which the court takes, it will not be necessary to consider any of the grounds of appeal, except the first, which charges error upon the part of the judge in holding "that the lands sought to be recovered were not sufficiently described or located by the evidence to enable the jury to find a verdict for the same or any part thereof." We agree entirely with the Circuit Judge, that in land cases the matter of first importance is to locate the land sought to be recovered. Before parties can recover land, they must show where it is—fix the *locus in quo.* Rule 36 of the Circuit Court manifestly contemplates surveys under order of court, and prescribes particularly how the plats, in such cases, shall be drawn; but while a survey under rule of court is very desirable, we do not understand that it is positively required by the law. It is not quite impossible to make out a location without a survey under order of the court, as, for instance, by the name of the tract, hedge rows, fences, water courses, &c. "A verdict for the land on which defendant lives is sufficiently definite." See *Manning* v. *Dove*, 10 Rich., 403, and authorities. The rule is very strong, that where there is any pertinent evidence upon a question of fact, the case must go to the jury. It may not have been very strong, but there certainly was some evidence in the case, tending to identify some of the lands sued for—particularly in reference to the Bailey and Clark tracts. We think there should be a new trial.

The judgment of this court is, that the non-suit ordered in the Circuit Court be set aside, and the cause remanded to the Circuit Court for a new trial.