DUREN v. KEE.

1. Survey—Locus in Quo—Ejectment.—It is not absolutely necessary that a survey should be made under order of Court to establish the *locus in quo*, but an *ex parte* survey may be used.

2. Limitation of Actions—Title by Adverse Possession—Ejectment.—Adverse possession for ten years confers a good title to land,

which may be affirmatively asserted, *provided* the State has parted with its title.

3. EJECTMENT—NEW TRIAL—PRACTICE—COSTS.—In an action in eject-ment, verdict for defendant, it is error for Judge to order a new trial, unless defendant remit portions of the land in question, because ver-dict for defendant does not vest title in him, and because remission requires plaintiff to pay costs.

Before WATTS, J., Lancaster, October, 1896.    Reversed.

Action by Matilda A. Duren against Permelia H. Kee, on following complaint:

I. The plaintiff, Matilda A. Duren, brought, on or about the 17th day of August, 1879, against the defendant, Per-mela H. Kee, an action to recover the possession of that *part* of a tract of land of four or five hundred acres, of which the defendant had unlawful possession.  In that action the defendant claimed the land, and set up the plea of the statutes of limitation as a bar.  II. The issues in that action were brought on to trial at Lancaster Court House, at the March term of Court for the year 1886, and it was decided that the defendant was not a trespasser, and was entitled to "so much within the red area, on the McIl-wain plat, as is now (then) occupied by her, and no more," which was, on appeal to the Supreme Court of the State, affirmed by that Court, and the land outside the *pedis pos-sessio* was declared by the Supreme Court to remain as it stood before the action.    III. The said plaintiff, complain-ing of the said defendant, alleges that she is seized in fee of the following described lands and premises, situated in the county and State aforesaid, containing 500 acres, more or less, bounded on the north by the Robert Wilson land, now owned by D. A. Williams and others, on the east by the tract of land known as the California tract, now claimed by R. P. Davis, on the south by lands claimed by John R. Roberts (if he has not conveyed it), and on the west by lands of John Hagins and others—being the same lands that were the subject of the suit or controversy in the case of James R. Massey and others, plaintiffs, against Wylie R.

Duren, Abel Funderburk and Hannah Funderburk, as reported in the III. and VI. S. C. Reports, and the same lands that were in question in the case of Thomas R. Duren against S. L. Strait, executor of John Sinclair, as reported in the S. C. Reports, vol. 16, pp. —, and also in the case of same plaintiff against Geo. Sinclair, a continuation of the same case reported in vol. 22, beginning on page 361, S. C. Reports, and is now in full possession of the same, except that plaintiff does not herein claim the few acres covered by the *pedis possessio* of the defendant at the time of the former action with respect to this land. IV. That the said defendant, notwithstanding the Court, at the trial above referred to, held that she was entitled to no more than her *pedis possessio*, which at that time would not exceed twenty acres around her house, if it would measure so much, has cut down much of the very valuable timber growing at different places on the said tract of land, and now here lately, within the last month, has cut down and cleaned up some five or ten acres of woodland, outside of her said *pedis possessio*, and indeed she now lays claim to the whole tract of land above described, without any regard to the boundary lines separating her actual possession from the balance of the land—and other wrongs and enormities she has done between March, 1886, and the present time, by unlawfully entering upon the said lands and committing trespass thereupon, and destroying the timber to the great damage of the said plaintiff in the sum of $500. V. That her own possession and that of her son, Thomas R. Duren, from whom she derived title by deed, has been a joint and continuous possession and occupation ever since the 25th day of March, 1858, until the present time; that she has a chain of title from the grant of the State down, and in addition to her chain of paper title, she has been in possession under the grant and various deeds and the plats made in the case of J. R. Massey *et al.*, dated 20th September, 1869, all defining the limits and extent of such possession, from the year 1858 down to the present time, and possession by

plaintiff has been continuous, adverse and notorious under the color of title aforesaid. VI. The trespass and entry of the defendant has been transient, for the purpose of cutting and carrying off timber from the said land, under a pretensive claim to the whole of said land. Whereupon the plaintiff demands judgment that the title to the said land may be determined in her right against the said defendant, and for $500 damages to plaintiff by the trespass aforesaid, together with the costs and disbursements of the action.

The defendant answers as follows:

I. That she denies each and every allegation in the said complaint contained, except as hereinafter admitted. II. That she admits that, on or about the 13th day of August, 1879, an action was commenced by the said plaintiff against this defendant to recover possession of a certain tract of land, but that she denies that action was brought for the recovery of a part of the said tract of land, as is alleged in the complaint herein. III. That she admits that the said action was brought to trial at or about the March term, 1886, of the said Court for the said county, but that she denies that it was decided in said action merely "that the defendant was not a trespasser," but, on the contrary, this defendant avers that the verdict of the jury and the judgment of the Court upon the issues involved in the said action was in favor of this defendant, and that by said verdict and judgment it was adjudicated and determined that as against this defendant the plaintiff had no right or title to any part of the lands sought to be recovered by her in the said action and sought to be recovered herein. IV. That more than ten years have elapsed since the rendition of the verdict and judgment of the said Court, and that the costs of the said former action have not been paid, and that the plaintiff cannot now maintain this action. V. That she denies that the plaintiff has any right or title to any part or the whole of the lands described in the complaint herein. VI. That she denies that the Court did or could

limit the effect of the verdict in favor of this defendant
upon the issues of the action set forth in the complaint, by
any order or entry upon the record such as is alleged in
the complaint. VII. That she pleads the judgment upon
the verdict in the action herein, set forth in the said com-
plaint herein, as a bar to this action. VIII. That this
defendant is the owner and seized in fee of the lands
described in said complaint. IX. That neither the plain-
tiff, her ancestors, predecessors or grantors, were seized or
possessed of the premises described in the complaint, or
any part thereof, within ten years before the commence-
ment of this action, but the defendant, her ancestors, pre-
decessors and grantors, held and possessed the said premises
adversely to the pretended title of the plaintiff for more
than ten years last past before the commencement of this
action, under a claim of title in fee, exclusive of any other
right. Whereupon this defendant demands that the com-
plaint be dismissed, and that the plaintiff do pay the costs
and disbursements by this defendant herein wrongfully
incurred.

The Judge charged the jury as follows:

This is an action brought by M. A. Duren against Per-
melia H. Kee for the purpose of recovering a section of
real estate and for damages. The plaintiff alleges that she
is seized in fee and entitled to possession of the land
described in the complaint here, and that the defendant is
unlawfully trespassing upon her property, is in possession
of a part of it, and by reason of this trespass upon her
land, and withholding of it from her, that she has been
damaged to the extent of $500. She, therefore, asks that
the Court declare the property to be hers, and for such other
relief as she is entitled to. This is, she asks the Court to
declare her title and to state that she is the owner of this
land and entitled to recover possession of it; and she also
asks damages for the trespass to it by the defendant. The
defendant denies all these allegations; that is, she denies

that the plaintiff is the owner of the land; she denies that she has committed any unlawful trespass upon the property of the plaintiff, and also denies that she has damaged the plaintiff in any shape or form, or that the plaintiff is entitled to recover in this suit. On the contrary, she claims that she has been in open, notorious and adverse possession of it for more than ten years back. Those are the issues for you. First. Is the plaintiff entitled to recover the land here as against the defendant? Is it her land? is the title in her? is she entitled to recover possession of it? and is she entitled to recover of the defendant any damages? If you conclude, under the testimony, and you are the sole judges of that, that the plaintiff is the owner of the land here, and that the defendant has trespassed upon it and is in possession of any of it, then you will find for the plaintiff, that the land belongs to her and she is entitled to damages. If, however, you conclude that the property is that of the defendant, and that she has been in possession of it, held it adversely to the world for more than ten years as her property, and even if she used the land, cut timber on it and used it as her own, your verdict must necessarily be for the defendant.

Now, when a party comes into Court and brings an action to recover possession of real estate, the burden is upon them to show that they are entitled to recover according to law. In order to show that, they must show that they themselves, or some one through whom they claim, that they are entitled to possession under a paper deed, color of title, some writing, or that they have been in actual possession of the property for twenty years, or have a grant from the State. All titles in this State are derived from the State, and in order for any one to recover, they have to show a grant from the State, or they must trace back a title for twenty years. After they trace it back twenty years, then the presumption of law is that the State has given them a grant, and it is just the same in law as if they had a grant from the State. It is presumed after twenty years that a

party has a grant from the State. Now, for instance, if I am in possession of land, and have been on it, occupying it and claiming it under a deed or plat or any color of title for twenty years, paying taxes on it, asserting ownership over it and using it as my own, then if any one trespasses upon that, and I bring my action to recover, I can recover, because I have been in possession of that property twenty years, and the law would presume a grant. Or, if I am in possession of property one or two or three years, and bought it from a man who had been in there five years, and he bought it from another who had been in there ten years, and so on until you traced back twenty years, that would be sufficient. A party has to be in possession himself for twenty years in order to claim a grant, or the parties from whom he claims must have been. The plaintiff must recover upon the strength of her own title and not on the weakness of her adversary's. At the same time, if I am *sui juris*, twenty-one years of age, and free from any mental disability, and entitled to come into the Courts and sue, and allow anybody to squat on that land, and they stay there ten years and assert ownership, and hold it out to the world as their property, and I permit that to be done, then the law says I can't recover, if I wait more than ten years. If I had you on there as a tenant, or allow you to stay on there for ten years, and you don't assert title as against me and against everybody else, that is not sufficient in the eye of the law to prevent my bringing a suit against you to recover the property. The possession must be open and notorious. It must be open to the world. They must hold adversely to the claims of everybody, and if they hold it adversely and claim it as their own, it must be notorious. It must be a matter of common rumor. Now, the plaintiff here relies for her claim on a paper title, on a grant from the State to Brice Miller, dated June 2d, 1794, for 299 acres of land. They also claim by deed of Jane Robertson, dated December 1st, 1799, for 277 acres of land, more or less, and you have heard the boundaries of

that land read.   They also claim under a power of attorney by William Robertson, of Washington County, Ill., who they claim was a son of Jane Robertson, to Wylie Duren, dated 25th of March, 1858, authorizing him, that is Wylie R. Duren, to convey to Thomas R. Duren, of Lancaster County, by deed this land.   They also rely on the deed of William Robertson, by his attorney in fact, Wylie R. Duren, to Thomas R. Duren, dated September 30th, 1858, and recorded December 4th, 1858, conveying one thousand acres of land, more or less.   Then they rely on a deed from Thomas R. Duren to Matilda A. Duren, dated November 25th, 1875, and recorded January 18th, 1876, conveying 500 acres.   That is what they rely on.   I don't say that they have proved all those deeds, or anything of the sort; that is for you.   They rely on that; that is, the paper title they rely on.   Then they also rely on certain plats here, which they claim that they went into possession under, which would be a color of title, in 1858, and have exercised continuous ownership from that time until now, up to the commencement of this suit.   The defendant also claims from this Brice Miller plat, or rather from him. They claim that in 1796, I believe it is, but the testimony is for you, that the sheriff of this county sold the interest of Brice Miller in certain lands here, and part of the lands conveyed at that time was purchased by one Craig.   Afterwards through Craig, by inheritance, and that this land came into the possession of the defendant, and that she has continuously occupied it ever since.   They also put in a plea of the statute of limitations.   That is, that this defendant here has been in open, notorious and adverse possession of this land, holding it against Mrs. Duren and every other person in the world consecutively for ten years preceding the commencement of this suit, and that that is a complete bar to the plaintiff's action, and that she cannot recover.   Now, the facts of the case are for you; I have got nothing to do with them.   If the testimony here satisfies you that this plaintiff has made out her chain of title

complete, that she holds by deed or by paper title, which could be a plat, for more than twenty years preceding the commencement of this action, or was in actual possession of the same, and that this party has trespassed upon her land, then she would be entitled to recover the land in dispute and any damages by reason of that trespass. Where a party comes into possession of land under a deed and stays there twenty years, or they and the parties under whom they claim have been there twenty years, that gives them a title, as far as the State is concerned. It would presume a grant. If they go in there under a deed or plat, that would be color of title. The law presumes that they took possession of all that is included in that paper title or in that plat, or whatever it is. The law presumes that they are in possession of the property included within those boundaries. So, if you are satisfied on the testimony here that this is the property of the plaintiff, that she has made out a chain of title running back twenty years or more, or that she has been in possession of this property for twenty years, exercising ownership over it, claiming it as her own, holding it against the world, she would be entitled to recover. If, on the contrary, you believe that the defendant has been in possession of this property, exercising ownership of it, claiming it against this plaintiff and every one else for more than ten years, ten years or more, then you will find for the defendant. Or, if you believe that this defendant here is the owner of that property by reason of deed to her or by reason of inheritance, and she herself and the parties under whom she claims have held it adversely against the plaintiff here for more than ten years, then you will find for the defendant. Now, these cases are very difficult for the Judge to straighten out. Under the last Constitution of this State, I can't even state what has been proven to you on the stand here. I am strictly prohibited from that. I can't even run over the testimony and arrange it in logical order; so you will have to do the

best you can with the testimony. You have heard it all, apply it to the law as I have given it to you.

The plaintiff submitted several requests, none of which are of importance, except the third: "The plaintiff, in addition to the alleged chain of paper title which she has offered in evidence, claims also that she has acquired a title to the land in dispute by notorious, adverse, continuous possession for ten years and more, under the grant and deeds aforesaid as color of title, and especially under the color of title afforded by the Robertson and McAteer plat made of the survey in the case of Massey against Duren, on the 20th day of September, 1869. You will inquire when and how the plaintiff and her husband took possession, and how long this possession continued, and who was on the land, if any one, at the time they took possession, in case she has failed to prove a paper title." I charge you that as the law of the case, except it must be twenty years, instead of ten, as far as the plaintiff is concerned. She must have been in notorious, adverse, and continuous possession of the same for more than twenty years, in order to presume a grant from the State.

The jury returned the verdict, "*We find for the defendant.*" Plaintiff made motion for a new trial. The order granting the motion appears in the opinion. Plaintiff appeals, on the following exceptions:

1st. Because the Circuit Judge, at the trial, erred in allowing C. H. Ragsdale, the alleged surveyor of the defendant, to testify as to the location of the land in dispute, and in permitting his plat of survey to be introduced in evidence, against the objection of plaintiff's attorneys, made at the time, when no order of Court had ever been made to authorize him to make a survey of said land, and no notice of the time and place of making his survey had ever been given to plaintiff or her attorneys.

2d. Because the Circuit Judge erred in refusing the motion for new trial, and in allowing the verdict covering all

the lands in dispute to stand, when the defendant had failed to prove any title, or to show even any color of title, to any of the lands in dispute.

3d. Because the Circuit Judge erred in refusing a new trial, and in undertaking to correct the erroneous verdict embracing all the lands in dispute, by giving the defendant the option to remit so much of the verdict as covered the land in the actual possession of the plaintiff, and all the lands in dispute outside the Brice Miller grant.

4th. Because the Craig deed, the only claim that defendant had for color of title, is so vague and indefinite that it cannot be located; so much so, that there was no attempt to locate it; and the Circuit Judge erred in allowing the verdict to stand.

5th. Because the Circuit Judge erred in refusing to charge as follows, after being requested to so charge by plaintiff, to wit: "The plaintiff, in addition to the alleged chain of paper title, which she has offered in evidence, claims also that she has acquired a title to the land in dispute by notorious, adverse, continuous possession for ten years and more, under the grant and deeds aforesaid, as color of title, and especially under the color of title afforded by the Robertson and McAteer plat made of the survey in the case of Massey *v.* Duren, on the 20th day of September, 1869. You will inquire when and how the plaintiff and her husband took possession, and how long the possession continued, and who was on the land (if any one) at the time they took possession, in case she has failed to prove a paper title." And also because he erred in refusing to charge the following request to charge, viz: "I charge you further on this point, that it has been held as law by our Supreme Court that the plat of survey made in the case, Massey *v.* Duren (16 S. C., 467), was sufficient color of title in behalf of the plaintiff to indicate the extent of her possession of lands embraced therein; that is to say, that possession of any part of the lands covered by that plat, for ten years consecutively, would be regarded as possession of the whole, and give title to

plaintiff, if there was nothing to prevent or counteract the effect of the same. But it is a question for the jury to determine whether or not this plat embraces the land in dispute in this action, and how long the plaintiff's possession under this plat continued."

6th. Because the Circuit Judge refused to charge as above requested, but he modified the same by striking out the words, "*for ten years*," wherever they occur therein, and substituting therefor the words, "*for twenty years*," and in making these modifications and his refusal to so charge, it is submitted, he erred.

7th. Because the Circuit Judge erred in charging the jury that possession, to avail a plaintiff in the recovery of land, against a defendant having no chain of paper title, must be adverse and continuous for twenty consecutive years, and that the possession of a defendant, to avail him in defending his title against a plaintiff suing for the land, is sufficient, if it be adverse and continuous for ten years only. And it is submitted the Circuit Judge erred in making this distinction as to the length of possession between a plaintiff and a defendant in a case where the evidence is like the one at bar.

8th. Because the Circuit Judge erred in charging the jury that the plaintiff in this case could not, under color of title, acquire title to the land in dispute as against the defendant, unless she has had adverse possessson of the same for twenty years.

9th. Because it appears from the Circuit Judge's order, authorizing a correction of the verdict and the remission of a very large part of the same thereunder by the defendant, that the verdict is grossly excessive and unwarranted by the evidence; and it follows that the Circuit Judge erred in refusing a new trial and undertaking to cure the defect in the verdict by authorizing the remittitur.

10th. Because the Circuit Judge had no equity powers in this case, and in attempting to cure the defects in the verdict he erred, and invaded the province of the jury.

11th. Because, in the contemplation of the Circuit Judge, the jury ought to have found for the plaintiff all the lands within the Brice Miller grant of which she was in actual possession, and also the large body of land outside the Brice Miller grant; and he erred in allowing the verdict and judgment to stand, which, in addition to the lands therein recovered, also gives a recovery of the large bill of costs of the action to the said defendant.

12th. Because, in the light of the Judge's order, correcting the verdict of the jury, the plaintiff was entitled to a verdict covering her possession of the Brice Miller land and all the land outside, and the Circuit Judge erred in refusing a new trial.

_Messrs. R. E. & R. B. Allison_ and _W. C. Hough_, for appellant, cite: _Survey should be made under order of Court upon notice:_ Rule 36 Cir. Ct.; 2 McCord, 371. _Pedis possessio:_ 1 McC., 355; 2 Speer, 450. _Deed too vague:_ 40 S. C., 444. _Remission of part of verdict:_ 12 S. C., 327. _Not in ejectment:_ 6 Rich., 209. _Title by adverse possession:_ 3 McC., 267; 6 Rich., 301; 45 S. C., 313; 39 S. C., 14; 40 S. C., 517.

_Messrs. T. Y. Williams_ and _John T. Green_, contra, cite: _Testimony of ex parle surveyor competent:_ 11 S. E. R., 390; 3 McC., 84; 7 Rich., 347; 13 C. C. A., 438. _Exception too general:_ 19 S. E. R., 679; 13 S. E. R., 679; 20 S. E. R., 33; 22 S. E. R., 738. _Requests may be covered in general charge:_ 22 S. E. R., 476. _Possession to confer title must be adverse:_ 26 S. C., 787. _Favorable error not reversible:_ 22 S. E. R., 735; 24 S. C., 503. _New trial:_ 21 S. C., 344; 12 S. C., 51.

Sept. 27, 1897. The opinion of the Court was delivered by MR. JUSTICE GARY. In order to understand fully the questions raised by the exceptions it will be necessary to set forth, in the report of the case, the complaint, the answer, the charge of his Honor, the presiding Judge, and the exceptions.

The exceptions raise practically the following questions: First. Was there error in allowing the defendant to introduce in evidence the plat of the surveyor, when no order of the Court had been made authorizing him to survey the land, and no notice of the time and place of making the survey had been given to the plaintiff? Second. Was there error in charging the jury that it was necessary for the plaintiff to prove possession of the land for twenty, instead of ten years, in order to show a title by adverse possession? Third. Was there error in refusing a motion for a new trial, if the defendant would remit upon the record the land mentioned in the order to that effect?

We proceed to a consideration of the first question. The case of *Patterson* v. *Crenshaw*, 32 S. C., 534, shows it is not absolutely necessary that there should be a survey made under order of the Court in order to fix the *locus in quo*. The rule of Court as to survey was not intended to be exclusive of other modes of establishing the location of lands. The exception raising this question is overruled.

The second question will next be considered. It is well settled in this State that the statute of limitations is not only a shield of defense, but is capable of being asserted actively. The time necessary for conferring such right is the same in each instance. In the case of *Harrelson* v. *Sarvis*, 39 S. C., 14, cited with approval in *Busby* v. *R. R. Co.*, 45 S. C., 317, it was held that an adverse possession of twelve years was sufficient to entitle the plaintiff to recover the land. Although adverse possession of land for ten years will confer a good title, still, as the plaintiff must recover upon the strength of his own title, and not upon the weakness of that of his adversary, it is necessary to prove a grant from the State, or facts from which it may be presumed that the State has parted with its title. *Busby* v. *R. R. Co.*, *supra*. The charge of the presiding Judge shows that he recognized the right of the plaintiff to recover the land in dispute, if she

established to the satisfaction of the jury that she had acquired a title by adverse possession, but he erred in charging that twenty years possession was necessary to confer such right. The exceptions raising the second question are sustained.

We come now to a consideration of the third question. After the jury rendered a verdict in favor of the defendant, the plaintiff made a motion for a new trial, upon hearing which the presiding Judge made the following order: "A motion in the case having been made by the plaintiff upon the minutes of the Court for a new trial, and after hearing argument of counsel thereon, it is considered, that unless the defendant shall, within ten days after the raising of the Court, remit upon the record herein so much of the verdict as includes the actual *pedis possessio*, or lands in actual possession at the time of the commencement of this action, within the limits of the Brice Miller grant of 299 acres, and also all the other lands in dispute outside of the limits of said grant, the motion for the new trial be granted. That upon the remission by the defendant, as above stated, the defendant have leave to enter judgment accordingly upon said verdict as corrected by said remission."

The defendant entered the following upon the record: "In obedience to, and in compliance with, an order of the Court, signed by Hon. R. C. Watts, presiding Judge, dated October 14, 1896, in the within stated case, I hereby remit to the plaintiff, Matilda A. Duren, so much of the verdict of the jury herein as includes the *pedis possessio*, or lands in the actual possession of the plaintiff at the time of the commencement of this action, within the limits of the Brice Miller grant of 299 acres, and also all the other lands in dispute in this action outside the limits of said grant. Witness my hand and seal, at Lancaster, S. C., this October 20th, 1896. Permelia H. Kee." Signed and sealed in the presence of (two witnesses).

In an action to recover possession of land, the verdict in

favor of the plaintiff is quite different in form from that in favor of the defendant. When such verdict is in favor of the defendant, its effect is not to declare that he is entitled to recover possession of the lands in dispute, but simply that the plaintiff has failed to prove his case to the satisfaction of the jury. In one instance it is affirmative, while in the other it is negative in nature. It was, therefore, error to order that the new trial be refused, if the defendant would remit upon the record so much of the verdict as is mentioned in said order, when the record did not show that there was any such verdict.

Furthermore, the order aforesaid shows that the presiding Judge was of the opinion that the plaintiff was entitled to recover possession of a part of said lands; otherwise, he would not have granted the new trial, *nisi.* Now, if the plaintiff was entitled to recover possession of any part of said lands, then she was also entitled to the costs of the action; yet the practical effect of granting the new trial, *nisi*, has been to give her possession of part of the land, but forced her to pay the costs of the action, in which there was error, as this is a case on the *law* side of the Court. The exceptions raising this question are sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.

Mʀ. Jᴜsᴛɪᴄᴇ Jᴏɴᴇs did not sit in this case.