7639

NAPIER .v. MATHESON.

1. ISSUES—REAL PROPERTY.—VERDICT should not be directed where there is an issue as to whether a grantor of plaintiff in action for possession of land had acquired title by adverse possession before conveying to plaintiff.

2. REAL PROPERTY.—CHARGE complained of as instructing jury that plaintiff had shown title to four-sixths of the land, when construed with the whole charge, held to be not misleading and did not in fact mislead the jury, as shown by the verdict.

3. IBID.—EVIDENCE—JOINT TENANTS—ADVERSE POSSESSION.—In action for possession of land, evidence of one joint tenant to the effect that another tenant, who had conveyed the entire fee to plaintiff, had acquired title by adverse possession, is competent.

4. IBID.—CHARGE—ADVERSE POSSESSION.—An instruction that the time a fence was put on the land is the pivotal question in the case, held to mean the pivotal question in the claim of adverse possession and not the turning point in the entire case.

5. EVIDENCE.—PLAT of land in dispute made after beginning of action and without notice to adverse party is competent.

6. EXCEPTIONS not argued are not considered.

Before GAGE, J., Marlboro, April term, 1909.    Affirmed.

Action by C. D. Napier against A. J. Matheson.    From judgment for plaintiff, defendant appeals on the following exceptions:

I. "His Honor erred in not charging defendant's fourth request, to wit: 'That the plaintiff has shown affirmatively that he has title to not over four-fifths of the land embraced in tract No. 4, and that he is in the exclusive possession of

more than that proportion and cannot recover the balance, and the verdict must be for the defendant,' when the proposition requested correctly stated the law applicable to the case before the jury.

II. "His Honor erred in charging the jury that the plaintiff had shown paper title to four-sixths of the land and was entitled to recover at least that much, when the title shown was to a larger tract of which the part in question was less than the two-sixths not shown, as stated in the complaint, and defendant's holding it was not only entirely consistent with plaintiff's paper title shown, but plaintiff did not show paper title to any part of the two-sixths interest, as charged.

III. "His Honor erred in charging that if Mrs. McMillan had not gotten the title of A. A. and W. D. Rogers, they could only find for plaintiff four-sixths of the land in dispute, the error being that this was a charge practically that he had shown title to four-sixths of the land in dispute, when it appeared by the complaint and the undisputed testimony that the part claimed by the defendant was much less than the shares of either A. A. and W. D. Rogers, and title to no part of that was shown.

IV. "His Honor erred in charging the jury that they could decide whether W. D. Rogers had conceded the land to belong to Mrs. McMillan and made no claim to it, the error being that it was not a question between Mrs. McMillan and W. D. Rogers, and that any concession as to the ownership of the land by him was no evidence against, and was not admissible to disprove, the title of a third party in possession. (2) That it was the duty of plaintiff to show affirmatively a complete title in himself, good against the world, to the particular land in question, before he could recover the possession thereof from the defendant.

V. "His Honor erred in charging the jury, 'The thing for the jury to say is when was this fence put there, and you might say that is the pivotal point in this case. If it was there for ten years before 1906, and Matheson held it

for these ten years, his title is good. If it was put there any time short of ten years, it does not avail him. That is all there is in the case;' the error being that it was a charge on the facts of the case, and it was an intimation by the Judge of his opinion that the question of the statute of limitation was the pivotal fact in the case, an elimination of the other defenses of the defendant.

VI. "His Honor erred in charging the jury that a verdict of four-sixths of the land described in the complaint might be brought in when there was no testimony on which such a verdict could have been based, and the charge was injurious to defendant and confusing to the jury.

VII. "His Honor erred in not directing a verdict in plaintiff's favor, when plaintiff proved himself, and it was undisputed, that A. A. Rogers had had one-fifth interest in the 4½ acre tract, more than the defendant was in the possession of, and there was no evidence whatever that plaintiff had ever acquired his title.

VIII. "His Honor erred in not setting aside the verdict and not granting a new trial, when it was undisputed 'that the plaintiff had shown affirmatively that he had title to not over four-fifths of the land embraced in tract No. 4, and that he was the exclusive possessor of more than that proportion, and the verdict should have been for the defendant.'

IX. "His Honor erred in admitting, over objection of defendant, a plat of the land in dispute, when it appeared that it was made after the beginning of the action, and without notice thereof to the defendant.

X. "The Court erred in charging the jury as follows: 'When did Mrs. McMillan go into possession of the land? When did she go out of possession? Her deed to Napier is dated first of February, 1904. She was in possession of the land for over eleven years, and did she hold it for eleven years as her own, using it as her own against her brothers, A. A. and W. D. Rogers; did she hold it against them and

use it for herself for eleven years? If she did, and they were of age, and all the parties were of age, that would give him a good title against them;' it being a charge on the facts, in violation of the Constitution and error of law, in that it charged that possession of one cotenant for more than ten years will bar a cotenant who is out of possession, whereas it takes twenty years to oust a cotenant."

*Messrs. Stevenson, Matheson & Stevenson,* for appellant, cite: *Recitations in deed are binding on grantee:* 25 S. C., 519; 22 S. C., 545. *Verdict cannot be divided:* 39 S. C., 20; 113 S. C., 307; 53 S. C., 474; 23 S. C., 53. *Charge on facts:* 47 S. C., 513; 48 S. C., 148; 56 S. C., 531. *Plat as evidence:* 4 Ency., 156.

*Messrs. McCall, McCall & LeGrand* and *Townsend & Rogers,* contra. The former cite: *Survey not made under order of Court is competent:* 50 S. C., 444; 32 S. C., 537. *Verdict supported by some evidence will be sustained:* 72 S. C., 43; 79 S. C., 180; 76 S. C., 321; 77 S. C., 299; 65 S. C., 197; 69 S. C., 110; 62 S. C., 376; 50 S. C., 163. *Appellant cannot complain of refusal of request not beneficial to him:* 76 S. C., 382.

*Messrs. Townsend & Rogers* cite: *Ouster:* 48 S. C., 28, 294; 71 S. C., 317, 322. *Family arrangements:* 2 Strob., 148. *Directing verdict:* 71 S. C., 438. *Verdict may be held if supported by any evidence:* 72 S. C., 43; 76 S. C., 21; 65 S. C., 197. *Plat as evidence:* 32 S. C., 534; 50 S. C., 444. *Charge on the facts:* 76 S. C., 433.

July 26, 1910. The opinion of the Court was delivered by

Mr. Justice Gary. This action was commenced on the ———— day of July, 1906, to recover the possession of a lot or parcel of land, containing about one-eighth of an acre. "At the conclusion of the testimony the defendant moved

the Court to direct a verdict in his favor, on the ground that the plaintiff had shown title only to four-sixths of the large 4½ acre tract, and that no title whatever had been shown to the remaining one-third of the tract, which was more than the amount defendant was in possession of, which motion was refused." The jury rendered a verdict in favor of the plaintiff, and the defendant appealed upon exceptions which will be reported.

*First, Seventh and Eighth Exceptions:* These exceptions must be overruled for the reason that if his Honor, the presiding Judge, had charged the request embodied in the first exception he would have taken from the jury the consideration of the question whether Mrs. McMillan, plaintiff's grantor, had acquired title by adverse possession before she executed a deed conveying the land to plaintiff.

*Second and Third Exceptions:* In discussing these exceptions the appellant's attorneys say: "The only land in dispute was the one-eighth acre described in the complaint, yet his Honor charged throughout that the plaintiff had shown title to four-sixths of the land claimed by the plaintiff, and, therefore, the jury, under his charge, could do nothing but find for the plaintiff at least four-sixths of the one-eighth acre."

In the first place, when the charge is considered in its entirety, there is no reasonable ground for supposing that it would mislead the jury; and, in the second place, the verdict of the jury shows that they were not misled, as they found a verdict in favor of the plaintiff for the land in dispute, and not for four-sixths thereof.

*Fourth Exception:* The charge of the presiding Judge in this respect was as follows: "When did Mrs. McMillan go into possession of the land? Her deed, put in evidence, bears date 12th of April, 1892. When did she go out of possession? Her deed to Napier is dated 1st of February, 1904. She was in possession of the

[Rep.] April Term, 1910.

land for over eleven years; and did she hold it for eleven years as her own, using it as her own against her brothers, A. A. and W. D. Rogers; did she hold it against them, and use it for herself, for eleven years? If she did, and they were of age, and all the parties were of age, that would give him a good title against them. You read the testimony of W. D. Rogers on the stand, and I will leave it to you to say whether or not he makes any claim to the land. If by his actions he has conceded it to belong to Mrs. McMillan, I will leave it to the jury to determine whether or not he has any claim to it. There is enough testimony for me to leave it to the jury to say whether or not Mrs. McMillan ever got by deed or possession the title of A. A. and W. D. Rogers." The testimony of W. D. Rogers tended to show that Mrs. McMillan had acquired title by adverse possession, and was, therefore, admissible.

*Fifth Exception:* The context shows that when the presiding Judge charged that the time when the fence was built was the pivotal point in the case, he meant that it was the pivotal point in establishing the defendant's claim of adverse possession, and not that said fact was the turning point in the entire case.

*Sixth Exception:* What has already been said disposes of this exception.

*Ninth Exception:* The cases of *Patterson* v. *Crenshaw,* 32 S. C., 534, 11 S. E., 390, and *Duren* v. *Kee,* 50 S. C., 444, 27 S. E., 875, show that this exception cannot be sustained.

The appellant's attorneys did not argue the tenth exception; therefore it will not be considered.

Judgment affirmed.

MR. CHIEF JUSTICE JONES *concurs in the result.*

MR. JUSTICE HYDRICK *concurs in the judgment, and in the separate opinion of* MR. JUSTICE WOODS.

28—86

. MR. JUSTICE WOODS, *concurring.* I concur in the judgment of affirmance, but the reasons stated by Mr. Justice Gary for overruling the fifth and tenth exceptions seem to me unsound. The fifth exception assigns error in this instruction: "The thing for the jury to say is when was this fence put there, and you might say that is the pivotal point in this case. If it was there for ten years before 1906, and Matheson held it for these ten years, his title is good. If it was put there any time short of ten years, it does not avail him. That is all there is in the case."

The defendant, Matheson, in his pleadings denied the title of the plaintiff and set up title by adverse possession in himself. By the instruction quoted the Court clearly indicated to the jury that the plaintiff had made out his title, and that the only substantial question in the case was whether the defendant had acquired title by an adverse possession, dating from the time he had inclosed the disputed land by a fence. The Constitution forbids Judges to charge juries with respect to matters of fact. The inhibition of course refers to matters of fact which have any bearing on the material issues involved in the trial. Careful examination of the record leaves not the least room to doubt that the plaintiff's grantor, Mrs. McMillan, had a good legal title to the land when she conveyed to him, unless the defendant had acquired his title by adverse possession. No reasonable jury could have found otherwise. In *Edgefield Mfg. Co.* v. *Maryland Casualty Co.,* 78 S. C., 73, 58 S. E., 969, the rule was laid down that "this Court should not order a new trial when from an examination of the record it has no doubt the verdict of any fair jury would have been the same, even if no error had been committed." Applying this rule, as the record shows that the only issue made by the pleadings on which the evidence left any possible doubt was whether the defendant had acquired title by adverse possession, the Court will not grant a new trial, even if it

be assumed that it was a technical error for the Circuit Judge to refer to that issue as the pivotal point in the case.

The same reasoning applies to the tenth exception, for the evidence leaves no doubt that Mrs. McMillan did hold the land, claiming it adversely for eleven years before the defendant entered.