## 10471

### LUCIUS v. DuBOSE.

(103 S. E. 759.)

1. BOUNDARIES — PLAT OF SURVEYOR COMPETENT FOR DEFENDANT, WHETHER OR NOT PLAINTIFF HAD NOTICE OF SURVEY.—A surveyor having testified to the correctness of his survey and plat of defendant's land, it was competent and admissible for defendant, whether or not plaintiff had notice of his survey or not, despite rule 36 of the Circuit Court; the survey being private and not under the rule.

2. APPEAL AND ERROR—EXCLUSION OF SURVEYOR'S PLAT HELD HARMLESS TO APPELLANT.—In an action of trespass, the boundaries between plaintiff and defendant being in dispute, exclusion of surveyor's plat of defendant's land was harmless to plaintiff, where under the instruction the jury may not have considered the plat when they should have done so.

3. TRESPASS—PLAINTIFF ALLEGING POSSESSION AND TITLE MAY RELY ON POSSESSION ALONE.—In an action for trespass, plaintiff, who alleged both possession and title, might have rested her case upon proof of her possession alone, and defendant's invasion of it.

4. TRESPASS—DEFENDANT IN ACTION OF TRESPASS QUARE CLAUSUM FREGIT MAY PUT TITLE IN ISSUE.—Even in an action which, tested by the allegations of the complaint, is strictly one of trespass *quare clausum fregit,* defendant may put the title in issue by pleading title in himself, or by justifying his entry as under license from the true owner.

5. TRESPASS—TITLE OF BOTH PARTIES IN ISSUE, WHERE PUT IN ISSUE BY EITHER.—In an action of trespass, even of trespass *quare clausum fregit,* when the title.is put in issue by either party, the title of both parties is in issue, so that there is no error in submitting to the jury the question of who owns the land in dispute, where plaintiff alleged both possession and title, and defendant put the title in issue by pleading title in himself.

6. APPEAL AND ERROR—QUESTION NOT RAISED BELOW ON MOTION TO DIRECT VERDICT CANNOT BE MADE ON APPEAL.—Where the question whether there was no evidence to sustain a verdict for defendant, sued in trespass because there was no evidence of title in him, was not made by plaintiff on Circuit by motion to direct the verdict, it cannot be made by plaintiff on appeal in the Supreme Court, in view of rule 77 of the Circuit Court.

7. COURTS—QUESTION DECIDED BY PRELIMINARY FINDING ON MOTION FOR INJUNCTION MAY BE SUBMITTED TO JURY ON FINAL HEARING.—In an action of trespass, wherein the Court held on plaintiff's interlocutory motion for injunction that she had possession, it did not err subsequently in submitting to the jury the question of plaintiff's possession, the preliminary finding not being final or conclusive, and not binding the parties or the Court on the merits.

8. LANDLORD AND TENANT—TENANT CANNOT CLAIM ADVERSELY TO.LAND-LORD.—A tenant cannot claim adversely to his landlord until after termination of his tenancy, but can acquire title by adverse possession to land outside the record title of his landlord.

Before WHALEY, J., County Court, Richland, April, 1918. Affirmed.

Action by Eloise M.. Lucius against E. C. DuBose. From judgment for defendant, the plaintiff appeals.

*Messrs. Wm. N. Graydon* and *J. Hughes Cooper,* for appellant, cite: *The duty of the Judge is to charge the law*

*applicable to the facts:* Const., art. V, sec. 26; 109 S. C. 245. *Judge charged jury as if action was one to recover real estate; whereas, it was action quare clausum fregit:* 86 S. C. 358; 104 S. C. 456; 110 S. C. 474.

*Messrs. C. T. Graydon* and *Thomas & Lumpkin,* for respondent, cite: *Action was for trespass to try title, and not quare clausum fregit:* 104 S. C. 456. *Defendant proved title in himself and is entitled to verdict, even in action quare clausum fregit:* 83 S. C. 358.

June 26, 1920.

The opinion of the Court was delivered by Mr. Justice Hydrick.

This is an action for damages for trespass on a strip of land, containing 5.85 acres, and for injunction against further trespass. Plaintiff alleged title and possession in herself. Defendant denied these allegations, and set up title and possession in himself. On plaintiff's motion, the Court enjoined defendant, *pendente lite,* from entering upon the land in dispute. At the trial, in response to a question asked by defendant's attorneys, plaintiff's attorneys stated that plaintiff claimed the land in dispute, both by virtue of her paper title and by adverse possession, and she attempted to prove title in both ways. The jury found for defendant the land in dispute.

The parties own adjoining tracts, the title to which they trace to different sources. The mesne conveyances in plaintiff's claim of title describe her tract as containing 77 acres, more or less, and give defendant's tract as one of the adjacent boundaries thereof. Those in defendant's chain describe his tract as containing 40 acres, more or less, and give plaintiff's tract as an adjacent boundary. The dispute involves the location of the boundary line between them.

Plaintiff's tract was conveyed to her by W. T. Lucius, her husband, in 1912. It was conveyed to him in 1898. Defendant's tract was conveyed to him by Lorick & Lowrance, in 1917. They acquired the tile from Weston and Adams, in 1903, and the latter acquired it in 1898. Mr. Lucius admitted, on cross-examination, that he rented the tract now owned by defendant from Weston and Adams, while they owned it, and from Lorick & Lowrance, while they owned it; but said that he did not rent from either the land in dispute, though he admitted that he rented from them all the land they owned; and there is no evidence that neither of his landlords had notice of any adverse claim by him to any part of the land included within the boundaries of their tract.

About the time defendant purchased his tract, or a short time afterwards, he employed Mr. Covington, a surveyor, to locate the line between him and plaintiff. Defendant and Mr. Covington testified that they asked Mr. Lucius to let them see his deeds and plats, to get what information they could from them as to the location, and invited him to be present at the survey. Mr. Lucius testified that he had no notice of their intention to make a survey, until he saw them making it; and, at that time, they had set up stakes along the line claimed by defendant, which stakes were on the land claimed by plaintiff, and he knocked them down, and ordered defendant and Covington off plaintiff's land; that defendant afterwards ploughed and planted the land; whereupon this action was brought.

Two old plats were found on record in the office of the register of mesne conveyances, one of plaintiff's tract, and the other of defendant's tract. Mr. Seay, plaintiff's surveyor, testified that, according to the plat of plaintiff's tract made by him, it contained 77.22 acres, including the land in dispute. Mr. Covington testified that he surveyed defendant's tract and made a plat of it, from the old plat found on

record, and that he found old marks on the ground which corresponded with the calls of that plat, and that defendant's tract contained 39.5 acres, including the land in dispute.

When Covington's plat was offered in evidence, plaintiff objected to it, on the ground that she had no notice of the survey. The Court ruled that, as there was a conflict in the testimony as to whether she had such notice, the plat would be admitted, subject to the finding of the jury upon that issue, and instructed the jury to consider the plat as evidence only in case they found that plaintiff had notice of and opportunity to be present at Covington's survey. Appellant assigns error in this ruling; and it was erroneous. As Covington had testified to the correctness of his survey and plat, it was competent and admissible, without regard to whether plaintiff had notice of his survey or not. *Napier v. Matheson,* 86 S. C. 428, 68 S. E. 673, and cases cited.

When a survey is made by order of Court, under rule 36 of the Circuit Court, the rule expressly provides that 10 days' notice of the time and place of commencing such a survey shall be given to the parties; otherwise, the survey shall not be received in evidence. Such notice is required in order that the parties may have time and opportunity to present such evidence as they may have of their boundaries, and to see that the survey is fairly and correctly made, and that the plat thereof truly represents the evidences of the boundaries found on the ground. Possibly for the same reasons, and in conformity with the practice long established under the rules of Court, it has become customary for a landowner to notify those who own adjoining lands, when he is making a private survey of his own lands; and, no doubt, as a rule, it is better to do so, because, for obvious reasons, the adjacent owners are interested in a survey or location of their land lines, and are jealous of any interfer-

ence with them, without their knowledge or consent. But, as the cases cited show, there is no rule of law which requires such notice to be given as a prerequisite of the admissibility of the surveyor's testimony as to what he did, or found on the ground as evidence of the location of the lines laid down on his plat, or of the plat made by him, except when the survey is made under the rule of Court. The surveys in this case were not so made, though it would have been better if they had been. *Patterson v. Crenshaw,* 32 S. C. 534, 11 S. E. 390.

But, while the ruling was wrong, it was not prejudicial to plaintiff, but rather to defendant; because, under the instruction given, the jury may not have considered the plat, when they should have done so. On the other hand, if they did consider it, plaintiff has no just ground to complain, for it was competent evidence.

The next contention of appellant is that the Court erred in submitting to the jury the question, Who owns the land in dispute? Appellant contends that her action was one in the nature of the old action of trespass *quare clausum fregit,* which did not put the plaintiff's title in issue, but only her possession and defendant's invasion thereof, and, therefore, the issue submitted to the jury should have been only as to plaintiff's possession and defendant's invasion of it, and defendant's title to the land in dispute. This contention is clearly untenable, whether it be considered upon the pleadings alone, or upon what took place at the trial. Even though plaintiff alleged both possession and title in herself, she might have rested her case upon proof of her possession alone, and defendant's invasion of it. *Beaufort Land & Investment Co. v. New River Lumber Co.,* 86 S. C. 358, 68 S. E. 637, 30 L. R. A. (N. S.) 243. But, as we have seen from the statement made by her attorneys at the trial in response to an inquiry of defendant's attorneys, she did not rest her case on her possession alone,

but stated that she claimed title to the land both by virtue of her paper title and by adverse possession. Besides that, even in an action which, tested by the allegations of the complaint, is strictly one of trespass *quare clausum fregit,* the defendant may put the title in issue by pleading title · in himself, or by justifying his entry under a license from the true owner. *Investment Co. v. Lumber Co., supra; Shettlesworth v.Hughey,*9 Rich. 387 ;*Parker v. Leggett,* 12 Rich. 200 ; *Parker v. Leggett,* 13 Rich. 171. When the title is put in issue by either party, the title of both parties is in issue; hence there was no error in submitting to the jury the question, who owns the land in dispute? And, of course, it follows there was no error in form of the verdict, finding for defendant the land in dispute.

As to the contention that there is no evidence to sustain the verdict, because there is no evidence of title in defendant, it would be enough to say that no such question was made on Circuit by a motion to direct the verdict, and, therefore, it cannot be made in this Court. See rule 77 (73 S. E. 7) of the Circuit Court. But there was sufficient evidence to sustain the verdict.

Appellant's next contention is that the Court erred in submitting to the jury the question of plaintiff's possession, when the Court had already decided in granting plaintiff's motion for injunction *pendente lite,* that she. had possession, and that defendant had invaded her possession. Evidently appellant has overlooked numerous decisions of this Court, holding that such preliminary findings on interlocutory motions, are not final or conclusive, and do not bind the parties or the Court at the trial of the case on its merits. *Alston v. Limehouse,* 60 S. C. 559, 39 S. E. 188.

On plaintiff's claim of title by adverse possession, the Court correctly instructed the jury that plaintiff had not had

possession of the land a sufficient length of time to acquire title by adverse possession, her tenure having been less than 10 years; but, if Mr. Lucius acquired title to the stirp in dispute by adverse possession and conveyed it to her, she could assert that title.   With regard to the contention that Mr. Lucius had acquired the title by adverse possession, the Court correctly instructed the jury that a tenant cannot claim adversely to his landlord, until after the termination of his tenancy; and that, if Mr. Lucius went into possession of the land, as tenant of the owner, he could not have claimed adversely to his landlord any part of the land within the limits of his landlord's muniments of title, until after the termination of the tenancy; but that he could have acquired title by adverse possession of any land outside of the record title of his landlord.   Appellant's complaint of these instructions is that they are inapplicable to the facts of the case and the issues made by the pleadings, particularly because plaintiff's title was not in issue (a point which has already been disposed of), and that the instruction should have been restricted to the land in dispute.   No other land was in issue and the jury could not have understood the instruction as applicable to any other.

Judgment affirmed.