HON. HENRY McIVER, CHIEF JUSTICE.
HON. YOUNG J. POPE, ASSOCIATE JUSTICE.
HON. EUGENE B. GARY, ASSOCIATE JUSTICE.
HON. IRA B. JONES, ASSOCIATE JUSTICE.

---

### ALSTON v. LIMEHOUSE.

1. JURISDICTION—APPEAL—ACTS CONSTRUED.—After notice of intention to appeal from previous order, Circuit Judge is without jurisdiction to hear a motion to transfer a cause from one calendar to another. Act of 1901, p. 623, does not apply, because order made before act was ratified.

2. JURY TRIAL—REAL PROPERTY—REFERENCE—INJUNCTION—ISSUES—APPEAL.—In an action for perpetual injunction against trespass on land, title to which is denied by defendant to be in plaintiff, defendant is entitled to have case put on calendar 1, and issue of title tried by jury without framing issues, and order refusing to transfer such action from calendar 2 to calendar 1, is appealable.

Before GARY, J., November, 1900. Reversed.

Action for injunction by Charles Pringle Alston and

1—61

Susan Pringle Alston against J. F. Limehouse, Jonas Happy, Sim Leonard, Abner Leonard, and A. M. Hills. From order refusing to transfer case to calendar 1, on motion of defendants, they appeal.

*Messrs. Smythe, Lee & Frost* and *Walter Hazard,* for appellants. The former cite their argument in the other cause of like name.

*Messrs. Mitchell & Smith,* contra, cite : *It is discretionary with Circuit Judge whether he orders equitable or legal issues first tried:* 52 S. C., 451.

June 22, 1901. The opinion of the Court was delivered by

MR. JUSTICE GARY. The record in this case contains a copy of the complaint, of the order of his Honor, Judge Gage, dated 13th July, 1900, and of the order of his Honor, Judge Gary, dated 5th October, 1900, similar in all respects to the copy of the said complaint and orders set out in the case having the same title as this, in which the opinion has just been filed. 60 S. C., 559. It also contains the following : "That on the 27th day of August, 1900, said cause was, according to endorsement made upon the complaint by the plaintiff's attorneys, docketed by the clerk of the Court of Common Pleas on calendar No. 2, and thereafter, on the day of September, 1900, plaintiff gave due notice of motion before his Honor, Judge Gary, then presiding in the Circuit Court, for an order of reference to take the testimony in the cause, which motion came on to be heard before Judge Gary, presiding Judge, in the Circuit Court, at Sumter, S. C., on the 5th day of October, 1900, and after hearing and argument thereon, he made the following order." (Then follows a copy of the order of 5th October, 1900, hereinbefore mentioned.) "Defendants' attorneys gave due notice to plaintiffs' attorneys, that, on the call of the docket, a motion would be made to transfer the case from calendar No. 2 to

calendar No. 1.    Such motion was made and refused in the following order: 'This cause coming on to be heard, on motion of the defendants, for an order striking the cause off docket No. 2, as having been "improperly docketed," and placing the same on docket No. 1, as involving matter triable by jury.'    And after hearing argument thereon, it is now ordered, that the motion be refused.    Ernest Gary, presiding Judge.    19th November, 1900.'    That thereafter the defendants gave notice of appeal from the said order of Judge Gage of 13th July, 1900, and Judge Gary of October 5th, 1900, and the case, with exceptions, for such appeals was made up and settled before the hearing of the motion before Judge Gary, presiding Judge, at Georgetown; after hearing which the order of November 19th, 1900, was made by Judge Gary."

The exceptions are as follows:

"1. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in entertaining jurisdiction of this case after the same had been taken by appeal to the Supreme Court of the State, which appeal has been duly perfected.

"2. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in refusing to strike the case off docket No. 2 and place the same on docket No. 1, inasmuch as this case involves matters properly triable by a jury.

"3. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in refusing the motion to strike the cause off docket No. 2 as having been improperly docketed, and place the same on docket No. 1, inasmuch as the defendants are entitled to a trial by jury, because the issues raised in the pleadings herein, and their right to such trial never having been waived by them, they cannot be deprived thereof by the order of the Court.

"4. Because it is respectfully submitted that his Honor, the Circuit Judge, erred in refusing to transfer the cause to docket No. 1, inasmuch as this case involves the question of title to real estate and other issues triable solely by a jury, and the case should, therefore, have been transferred."

Exception numbered 1 will first be considered. It does not appear whether the return had been filed in the Supreme Court, at the time Judge Gary granted the said order. If the return had been so filed, the Supreme Court thereby acquired jurisdiction, and the Circuit Judge, of course, was without jurisdiction to grant the order. The act approved 15th February, 1901, entitled "An act to amend section II. of the Civil Code of Procedure of this State, relating to the jurisdiction of the Supreme Court" (page 623), is not applicable to this case, as the order was made before the passage of the act. But even if the return had not been filed, the Circuit Judge did not have the power to make said order, as the case comes within the terms of section 356 of the Code, which provides that "in cases not provided for in sections 346, 350, 351, 352 and 353, the notice of appeal shall stay proceedings in the Court below upon the judgment appealed from" * * * as the case does not come within the provisions of said sections. *State* v. *Ry. Co.*, 45 S. C., 470. Under this construction the other questions presented by the exceptions are not properly before the Court for consideration.

But, as the practical question raised by the exceptions has been decided, incidentally, in the case hereinbefore mentioned, in which the opinion has just been filed, we will state the authorities sustaining our conclusion. By reference to the said order it will be seen that the ground of the motion to transfer the case from calendar No. 2 to calendar No. 1, was that it "involved matter triable by jury." The practical effect of said order was to deny to the defendants a trial by jury. It is settled beyond controversy in this State, that it is error from which an appeal will lie, to deny to a party a mode of trial to which he is entitled by law. Therefore, the question to be considered is whether the defendants were entitled to a trial by jury of any issue raised by the pleadings. The complaint alleges that the plaintiffs are the owners in fee simple and are in the exclusive possession of the land therein described upon which the

defendants have trespassed. These allegations are denied by the defendants. This raised an issue of title which either the plaintiffs or the defendants had the right to have tried by a jury. In the case of *Bank* v. *Peterkin,* 52 S. C., 236, Mr. Justice Jones, voicing the opinion of the Court, says: "The proper practice, when an issue of title to land is raised in the answer, whether in proceedings to partition land or to foreclose a mortgage thereon, is to order the case to be transferred to the docket for trial of issues of fact by the jury, and the jury must try the questions of fact on the issues raised by the pleadings. *McGee* v. *Hall,* 23 S. C., 292; *Reams* v. *Spann,* 28 S. C., 533; *Carrigan* v. *Evans,* 31 S. C., 265; *Capell* v. *Moses,* 36 S. C., 561. In the last mentioned case, Mr. Justice Pope, speaking for the Court, said most explicitly: 'Unless a jury trial is waived, actions that involve such issues must be placed on calendar 1, and submitted to the jury; and no interference with such trials, such as framing issues, must be had.' This was spoken with reference to an action to partition land, but it applies as well to actions of foreclosure. It applies to any cause in equity wherein is raised the issue of title to land which, if successful, would defeat plaintiffs' recovery as against the party setting up title." This ruling is sustained by the following authorities: *Summer* v. *Harrison,* 54 S. C., 353; *Holliday* v. *Hughes,* 54 S. C., 155; *Heyward* v. *Farmers' Co.,* 42 S. C., 138; *Threatt* v. *Mining Co.,* 42 S. C., 92; *Mayo* v. *R. R. Co.,* 40 S. C., 517. Both legal and equitable issues are raised by the pleadings, and as the right to equitable relief is dependent upon the legal issue, that should be first tried. *Knox* v. *Campbell,* 52 S. C., 461.

It is the judgment of this Court, that the order of the Circuit Court be reversed.