9316

STERNHEIMER v. ORDER OF UNITED COMMERCIAL TRAV-
ELERS OF AMERICA.

(88 S. E. 25.)

APPEAL AND ERROR—JURISDICTION OF TRIAL COURT—COSTS.—Where a
nonresident plaintiff appeals from a judgment and gives notice of
appeal, the trial Court has no jurisdiction thereafter to require
her to furnish security for costs, and the Supreme Court on appeal
cannot consider the merits of such order.

Before WILSON, J., Columbia, April, 1915.    Reversed.

Action by Sarah Sternheimer against the Order of United
Commercial Travelers of America.    From an order requir-
ing plaintiff to file security for costs, she appeals.

*Messrs. Elliott & Herbert* and *E. W. Mullins,* for appel-
lant, submit: *The right to demand security for costs is a
personal right, and is waived by delay or the failure of
defendant to assert the right promptly:* 19 Ency. Pl. and Pr.
362-363; 11 Cyc. 176, *et seq.;* (Utah) 85 Pac. 1011; 34 N.
J. Eq. 488; 117 App. Div. (N. Y.) 379; 37 Ill. 306; 180
Fed. 624; 2 Rich. 210; 49 S. C. 560.    *Granting order was
abuse of discretion:* 88 S. C. 342; 22 App. Div. (N. Y.) 95;
117 *Ib.* 379.    *Lack of jurisdiction:* Code Civ. Proc. 395;
61 S. C. 1.

*Messrs. Melton & Belser,* for respondent, submit: *There
is no ground to claim that the right to require security for
costs had been waived:* Rule C. C. 10; Civ. Code, sec. 1320;
39 S. C. 555; 22 S. C. 304; 31 S. C. 431; 66 S. C. 513; 15
Civ. Proc. N. Y. 237.    *No abuse of discretion:* 19 Enc. P.
& P. 372; 2 McC. 436 and 454; 13 S. C. 44.    *Jurisdiction:*
13 S. C. 44; 66 S. C. 539.    *Order not appealable:* 2 S. C.
390.    *Stay:* Code Civ. 395; 20 Enc. P. & P. 1240; 2 Cyc.
910; 16 S. C. 619; 15 S. C. 10; 61 S. C. 1.

March 7, 1916.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an appeal from an order requiring the plaintiff to file security for costs, on the ground that she is a nonresident. The action was brought on a policy of accident insurance. His Honor, the presiding Judge, directed the jury to find a verdict in favor of the defendant, whereupon the plaintiff gave notice of intention to appeal. Thereafter his Honor, the Circuit Judge, made an order requiring the plaintiff to enter security for costs within 10 days, and that her complaint be dismissed, in case she failed to comply with said order. She, also, gave notice of intention to appeal from the said order.

The first question raised by the exceptions is that the Circuit Court was without jurisdiction to entertain the motion for an order requiring security for costs, after service of notice of intention to appeal from the judgment entered upon the verdict, directed by his Honor, the presiding Judge. The case of *Alston* v. *Limehouse,* 61 S. C. 1, 39 S. E. 192, shows that the exception raising this question must be sustained.

Having reached the conclusion that the Circuit Court was without jurisdiction to require security for costs, the merits of the order are not properly before this Court for consideration.

Order reversed.

MESSRS. JUSTICES WATTS, FRASER and GAGE concur in the opinion of the Court.

MR. JUSTICE HYDRICK concurs in the result on the ground that by going to trial on the merits defendant waived the right to require security for costs.