## 9914

### STATE, BY PEEPLES, ATTY. GEN., v. GIBBES.

#### (95 S. E. 346.)

1. QUO WARRANTO—VENUE—INVOLVING STATE OFFICE.—The venue of an action of *quo warranto* involving title to a State office, that of chief game warden, kept at the seat of the State government, is in Richland county, the case not falling within Code Civ. Proc. 1912, section 173, subd. 2, providing that actions against a public officer for an act done by him in virtue of his office shall be tried in the county in which the cause of action or some part arose, since the alleged unlawful intrusion into the office, and usurpation of its duties and powers, arose where the office was kept, at the seat of the State government, in Richland county.

2. COURTS—ORIGINAL JURISDICTION OF SUPREME COURT—SENDING CASE TO CIRCUIT COURT.—As the jurisdiction of the Supreme Court extends all over the State, it is not improper, in an action or proceeding in the original jurisdiction, to lay the venue as of the county in which the cause of action arose or would be triable if the action were brought in the Circuit Court, but when the Supreme Court sends a case to the Circuit Court it is sent to the county of the proper venue.

3. TRIAL—NOTICE—DOCKETING CASE—STATUTE.—Code Civ. Proc. 1912, sec. 314, as to docketing a case 14 days before Court by plaintiff, or 7 days before Court by defendant, was intended to take the place of any other notice of trial or notice of issue.

4. REFERENCE—ORDER BEFORE CASE IS DOCKETED.—Code Civ. Proc. 1912, sec. 314, was not intended to and does not interfere with the power of the Court to pass such orders in pending cases as may be necessary or proper to prepare and speed them to a hearing on the merits, so that, after issue joined, the Court or a Judge at chambers may order a reference even before the case is docketed; certainly such section does not interfere with the Judge's power to proceed with the preparation for hearing or the hearing of matters or proceedings which he is authorized to determine at chambers.

5. JURY—RIGHT TO TRIAL BY—CONSTITUTION.—Const., art. I, sec. 25, providing that the right of trial by jury shall be preserved inviolate,

preserves the right only in those cases in which the parties were entitled to it under the law or practice existing at the adoption of the Constitution.

6. JURY—RIGHT TO TRIAL BY—QUO WARRANTO.—At the time of the adoption of its first Constitution by the State of South Carolina, neither party to a proceeding in *quo warranto* had a right, under existing law or prevailing practice, to demand a jury trial of issues of fact.

7. JURY—RIGHT TO TRIAL BY—QUO WARRANTO—CONSTITUTION.—Under Const., art V, sec. 25, providing that each of the Justices of the Supreme Court and the Judges of the Circuit Court shall have the same power at chambers to issue writs of *habeas corpus,* mandamus, *quo warranto, certiorari,* prohibition, and interlocutory writs or orders of injunction as when in open Court, a jury trial of issues of fact in *quo warranto* is not demandable by either party as of right, though the Court or Judge hearing the proceeding, if he desires, in his discretion, and for his own assistance, may have the benefit of a verdict of a jury on the issues of fact.

Before PRINCE, J., Richland, Fall term, 1917.    Affirmed.

Action in the nature of *quo warranto* by the State, by Thomas H. Peeples, Attorney General, against Wade Hampton Gibbes. From an order of reference, plaintiff appeals.

*Thomas H. Peeples,* Attorney General, for appellant.

*Weston & Aycock* and *R. Beverly Herbert,* for respondent.

Oral arguments.

March 8, 1918.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This is an action in the nature of *quo warranto* to try the title of the defendant to the office of Chief Game Warden of the State. It was brought in the original jurisdiction of the Supreme Court, in pursuance of leave granted by the Chief Justice, by an order dated August 11, 1917. It is alleged in the complaint, as a reason for asking leave to

bring the action in the original jurisdiction of this Court, that the issue is of State-wide importance, and, therefore, a speedy determination of it is desired. In his answer defendant also asked for a speedy hearing and decision.

After defendant had served his answer, the attorneys for both parties joined in a letter to the Chief Justice, dated September 17, 1917, in which they stated that they had agreed to an order of reference to take and report the testimony, and named 10 members of the bar, any one of whom would be acceptable to them as a referee. Thereupon, on September 28th, the majority of this Court (the Chief Justice dissenting) handed down the following order:

"It appearing that issues of fact as well as of law are to be determined in this case, and that the parties have had ample time to have had such issues regularly heard and decided in the Circuit Court; and it further appearing that there is still ample time for them to have such issues there decided, and, if the decision of this Court thereon be desired, to bring the case here regularly on appeal, and have it heard as early as it could be heard in the original jurisdiction: It is ordered that this Court decline original jurisdiction of the case under rule 25 (90 S. E. 11), and that it be remanded to the Circuit Court for hearing and decision. As the issue involved is one of public importance, the Circuit Court will give the case precedence in hearing and decision, so that, if appeal be taken to this Court, the same may be disposed of with all convenient speed at the approaching term."

On October 1st plaintiff filed the summons and complaint in the Court of Common Pleas for Lexington county, and had the case docketed there for trial. On October 6th, upon due notice, defendant moved the Court of Common Pleas for Richland county to docket the case in that Court, and refer it to a referee to take and report the testimony. Plaintiff appeared and objected to the jurisdiction of the Court to pass the order on three grounds: (1) Because the action was not commenced in the Richland Court, and the record

had already been filed in the Lexington Court, and the Richland Court had no jurisdiction to order the case transferred from Lexington to Richland county for trial; (2) because the summons and complaint had not been filed in the Richland Court and the case docketed there 14 days before the convening thereof by plaintiff, nor 7 days before the convening thereof by defendant, and, therefore, the Court had no jurisdiction to order the cause docketed for trial; and (3) that the Court was without jurisdiction to grant an order of reference, because the action was one in which plaintiff had the right of trial by jury.

The Court overruled these objections, and passed the order prayed for, naming therein, as referee, one of the gentlemen mentioned in the letter to the Chief Justice as acceptable to both parties. From that order the plaintiff appealed.

The first question to be determined is the proper venue. Clearly that is Richland county, because the action involves the title to a State office, which is kept at the seat of the State government, which is in Richland county, and the cause of action arose in that county. We do not agree with appellant that the case falls under subdivision 2 of section 173 of the Code of Civil Procedure, which provides that "actions * * * against a public officer, * * * for an act done by him in virtue of his office," etc., shall be tried in the county in which the cause of action or some part thereof arose. This is not such an action, but, as stated, it is an action to try the title to a State office, and, therefore, the proper place of trial is at the seat of the State government, where the office is kept, and where the cause of action (alleged unlawful intrusion into the office and usurpation of its powers and duties) arose.

In reaching this conclusion no importance is attached to the fact that, in the original summons and complaint filed in this Court, the venue is laid in Richland county. That might have been done merely because this Court sits only in Richland county. As the jurisdiction of this Court extends all over the State, it would not be

improper, in an action or proceeding in the original jurisdiction, to lay the venue as of the county in which the cause of action arose, or would be triable, if it had been brought in the Circuit Court.   But when this Court sends a case to the Circuit Court for any purpose, it is necessarily implied that it is sent to the county of the proper venue.

The provision of section 314 of the Code of Civil Procedure as to docketing a case 14 days before Court by the plaintiff, or 7 days before Court by the defendant, was intended, as the section plainly states, to take the place of any other notice of trial or notice of issue. *Steffens v. Bulwinkle,* 48 S. C. 357, 26 S. E. 666. If this has been an ordinary action commenced in the Circuit Court, the case cited would have been authority for the position that neither side could force the other to trial on the merits, unless the case had been docketed as required by section 314.   But that section was not intended to and does not interfere with the power of the Court to pass such orders in cases pending therein as may be necessary or proper to prepare and speed them to a hearing on the merits.   Therefore, after issue joined, the Court, or a Judge at chambers, may order a reference, even before the case is docketed. *Bank v. Fennell,* 55 S. C. 379, 33 S. E. 485.   And certainly it does not interfere with the power of the Judge to proceed with the preparation for hearing or the hearing of matters or proceedings which he is authorized to hear and determine at chambers.

We do not agree with appellant that, as the action is one at law, trial by jury of issues of fact is demandable as of right.   True, the Constitution (article I, sec. 25) provides that the right of trial by jury shall be preserved inviolate.   A similar guaranty will be found in every Constitution adopted by the people of this State. But such provisions have been uniformly held by this Court and others to mean that the right shall be preserved only in those cases in which the parties were entitled to it under the

law or practice existing at the time of the adoption of the Constitution. *Commissioners v. Seabrook,* 2 Strob. 563; *Frazee v. Beattie,* 26 S. C. 348, 2 S. E. 125; *City v. O'Donnell,* 29 S. C. 355, 7 S. E. 523, 1 L. R. A. 632, 13 Am. St. Rep. 728. Numerous other cases to the same effect will be found in our Reports.

From that view point, then, it is pertinent to inquire whether, at the time of the adoption of our first Constitution—for that and each subsequent Constitution preserves the right of trial by jury—either party to a proceeding in *quo warranto* has the right, under the existing law or prevailing practice, to demand a jury trial of issues of fact. The judicial history of the State clearly points to a negative answer to that question. No case has been found in our reports in which a jury trial was had. On the contrary, every case in *quo warranto* reported appears to have been decided by the Court without the aid of a jury. As showing pretty conclusively that no such right existed, or was supposed to exist, the act of 1818 (7 St. at Large, p. 321) gave the Judges of the State power at chambers to grant certain specified writs, among them *quo warranto,* as if the Court were actually sitting, and it provided that the parties should have the same right of appeal as if the decision were made in open Court. Now, a Judge at chambers could not have given the parties a jury trial.

Again, we find that by section 462, *et seq.,* of the Code of Civil Procedure (1912), originally enacted in 1870 (14 St. at Large, p. 523, sec. 443), the writ of *quo warranto,* and proceedings by information in the nature of *quo warranto,* were abolished, and a civil action, under the provisions of that chapter, was substituted in place of those ancient remedies, and that statute makes no provision for trial by jury. On the other hand, section 312 of the Code of Civil Procedure, which was adopted at the same time (section 276), prescribes what actions shall be tried by jury, and it does not include *quo warranto.*

But, whatever may have been the rights of parties to such a proceeding prior to the adoption of the Constitution of 1895, the question at issue is conclusively settled against the contention of appellant by the provisions of section 25 of article V of that instrument, which says that "each of the Justices of the Supreme Court and Judges of the Circuit Court shall have the same power at chambers to issue writs of *habeas corpus,* mandamus, *quo warranto, certiorari,* prohibition, and interlocutory writs or orders of injunction as when in open Court." As already said, since a Judge or Justice at chambers cannot afford the parties a jury trial, the necessary intendment of the provision quoted is that a jury trial in the cases specified is not demandable as of right. That does not mean, however, that the Court or Judge hearing any such proceeding may not, if he should desire it, have the benefit of the verdict of a jury on issues of fact. But that is a matter within his discretion and for his own assistance, and not a right of the parties; or the Court or Judge may, as was done in this case, refer the issues to a referee. The order of the Circuit Court is affirmed.

Affirmed.

MESSRS. JUSTICES FRASER and GAGE concur.

MR. CHIEF JUSTICE GARY did not sit in this case.