### 20683

Lee D. PELFREY, Suing Derivatively on Behalf of Associated Railway Contractors, Inc., its Stockholders, Creditors and all other persons entitled to participate in the Distribution of its Assets, Respondents, v. BANK OF GREER, South Carolina, Appellant.
(244 S. E. (2d) 315)

*Ronald K. Edwards, William McB. Wood,* and *John B. Duggan, Edwards, Wood, Duggan & Reese,* Greer, *for appellant.*

*J. Kendall Few,* Anderson, and *John W. Fields,* Seneca, *for respondents.*

May 11, 1978.

LEWIS, Chief Justice:

This is a corporate stockholder's derivative action to recover damages on behalf of the corporation resulting from the alleged negligence and breach of fiduciary duty by the appellant Bank in the handling of the corporation's funds. This appeal is from an order of the lower court refusing the appellant Bank's motions (1) for a compulsory reference of the issues and (2) to strike several portions of the complaint.

The first question involves a determination of whether the stockholder's derivative action is one in equity or at law. It is undisputed that, if the action is in equity, it is to be tried by the court; if at law, it is triable by a jury and the lower court would have been correct in refusing a compulsory order of reference.

It is clear that the order of the lower court denying a compulsory reference of the issues affects the mode of trial and, contrary to the contention of respondent, is appealable. *Alston v. Limehouse,* 61 S. C. 1, 39 S. E. 192; *Williford v. Downs,* 265 S. C. 319, 218 S. E. (2d) 242. In *Alston,* the court concisely stated the principle:

It is settled beyond controversy in this state that it is error, from which an appeal will lie, to deny a party a mode of trial to which he is entitled by law.

In determining the right to a jury trial, the lower court relied upon *Ross v. Bernhard,* 396 U. S. 531, 90 S. Ct. 733, 24 L. Ed. (2d) 729, 733, where the United States Supreme Court held: ". . . the right to a jury trial attaches to those issues in derivative actions as to which the corporation, if it had been suing in its own right, would have been entitled to a jury." The lower court apparently concluded that, since the complaint in this action sought the recovery of damages, a legal cause was stated for trial by jury.

*Ross* was brought under the Seventh Amendment to the United States Constitution, which governs right to trial by jury in Federal courts. This amendment has never been held applicable to the States; and this Court has interpreted Article 1, Section 14, of the South Carolina Constitution, which preserves the right of trial by jury inviolate, to mean that right of jury trial shall be preserved only in those cases in which the parties were entitled to it under the law or practice existing at the time of the adoption of the constitution. *State v. Gibbes,* 109 S. C. 135, 95 S. E. 346; *C. W. Matthews Contracting Company, Inc. v. S. C. Tax Commission,* 267 S. C. 548, 230 S. E. (2d) 223.

Paraphrasing the rule stated in the last cited cases, the pertinent inquiry is whether, at the time of the adoption of the Constitution of 1868, either party to a stockholder's derivative action had the right, under the existing law or practice, to demand a jury trial of the factual issues. The mode of trial was unaffected by statute in this State and the inquiry thus becomes one of determining the common law with reference to the right to a jury trial. We have found no decision of this court dealing with the present question and none has been cited.

We have, however, in discussing a stockholder's derivative action recognized its equitable nature. In *Johnson v. Baldwin,* 221 S. C. 141, 69 S. E. (2d) 585, we quoted with approval the following from *Meyer v. Fleming,* 327 U. S. 161, 66 S. Ct. 382, 386, 90 L. Ed. 595, with reference to such actions: "They are one of the remedies which equity designed for those situations where the management through fraud, neglect of duty or other declines to take the proper and necessary steps to assert the rights which the corporation has."

Historically the shareholder's derivative suit has always been tried exclusively in equity. "Even where the only relief allowable is a recovery of damages the suit is nevertheless one in equity and not an action at law." 13 Fletcher Cyc. Corp. (perm. Ed.), Sections 5944, 5945; 19 Am. Jur. (2d), Corporations, Section 528. See also dissenting opinion in *Ross v. Bernhard, supra;* comment, in 22 S. C. L. R. 482; and Prunty, The Shareholder's Derivative Suit: Notes on its Derivation, 32 N. Y. U. L. Rev. 980.

The dissenting opinion in *Ross v. Bernhard,* 396 U. S. p. 545, 90 S. Ct. p. 742, 24 L. Ed. p. 740, gives a concise statement of the development of the shareholder's derivation action:

. . . a shareholder's suit was not originally viewed in this country, or in England, as a suit to enforce a *corporate* cause of action. Rather, the shareholder's suit was initially per-

mitted only against the managers of the corporation—not third parties—and it was conceived of as an equitable action to enforce the right of a beneficiary against his trustee. The shareholder was not, therefore, in court to enforce indirectly the corporate right of action, but to enforce directly his own equitable right of action against an unfaithful fiduciary. Later the rights of the shareholder were enlarged to encompass suits against third parties harming the corporation, . . . Indeed the commentators, . . ., recognize that historically the suit has in practice always been treated as a single cause tried exclusively in equity. They agree that there is therefore no constitutional right to a jury trial even where there might have been one had the corporation itself brought the suit.

Since the shareholder's derivative action has historically been considered as one exclusively in equity, a party is not entitled to a trial by jury as a matter of right. The constitutional provision (Art. 1, Section 14), that the right of jury trial shall remain inviolate, does not apply to cases within the equitable jurisdiction of the court. *Collier v. Green,* 244 S. C. 367, 137 S. E. (2d) 277; *Lucken v. Wichman,* 5 S. C. 411.

The lower court was therefore in error in refusing the motion of appellant for an order of reference and in refusing to strike from the amended complaint the phrase "the plaintiff demands a jury trial."

The remaining questions concern the refusal to strike certain allegations from the amended complaint. Ordinarily, the refusal of a motion to strike is not appealable until final judgment, unless (1) the motion to strike is in the nature of a demurrer or (2) there is an appealable issue before the court justifying the consideration of the motion to strike also in order to avoid unnecessary litigation. *Tate v. Oxner,* 236 S. C. 313, 114 S. E. (2d) 225.

While we adhere to the foregoing rule, we refrain from considering the appeal from these additional motions to strike. These motions involve factual mat-

ters and can best be determined at the trial in the light of the facts developed. The appeal from the ruling on the motions to strike the noted allegations from paragraphs 10, 13, and 27 is therefore dismissed without prejudice to the parties to raise these issues at the trial.

The order denying a compulsory reference is accordingly reversed and the cause remanded for further proceedings in accordance with this opinion.

LITTLEJOHN, NESS, RHODES and GREGORY, JJ., concur.