23585

DEFENDER PROPERTIES, INC., Respondent v. C. Coleman DOBY, Appellant.

(415 S.E. (2d) 383)

Supreme Court

*John P. Henry* and *Emma Ruth Brittain*, both of *Thompson, Henry, Gwin, Brittain and Stevens, P.A.,* Conway, *for appellant.*

*E. Russell Jeter, Jr.,* and *Joseph D. Walker,* both of the *McNair Firm,* Columbia, *for respondent.*

Submitted Jan. 21, 1992.

Decided March 2, 1992.

FINNEY, Justice:

Appellant C. Coleman Doby, a minority shareholder of Respondent Defender Properties, Inc. (Defender), appeals from a circuit court order denying his motion for a jury trial in a stock valuation suit. We affirm.

Defender had three shareholders and 58,824 shares of common stock outstanding. Doby owned 8,824 shares and the remaining 50,000 shares were held by two other shareholders. Doby dissented to a planned merger of Defender and Kimco Properties, Inc., and asserted dissenter's rights under S.C.

Code Ann. § 33-13-200 (1990), as amended. The merger was approved by the majority shareholders. Subsequently, Defender offered to purchase Doby's stock at ten cents per share. Doby rejected the offer and, pursuant to Section 33-13-280, filed a demand for payment at $1,133.27 per share.

On January 24, 1991, Defender instituted this action for judicial appraisal of shares, non-jury, pursuant to Section 33-13-300. Doby answered and counterclaimed for a jury trial. The circuit judge denied Doby's request for trial by jury. This appeal followed.

The sole question on appeal is whether the circuit judge erred in denying a jury trial on the issue of the fair market value of the dissenter's stock.

Doby contends he is afforded the right to trial by jury under the South Carolina Constitution, Art. I, § 14, alleging that the action involves factual legal issues and is governed by Section 33-13-300.

Defender asserts first, that in enacting Section 33-13-300, the legislature intended for determinations of fair market valuation of stock to be made by a judge and not a jury. Secondly, Defender alleges that valuation for a dissenter's stock is an action in equity and, as such, is triable by a judge without a jury. We agree.

The South Carolina Constitution, Art. I, § 14, provides that the right to trial by jury shall be preserved inviolate. Our Court has interpreted this provision to mean that such right shall be preserved only in those cases in which the parties were entitled to jury trials under the law or practice existing at the time the Constitution was adopted. *See Pelfrey v. Bank of Greer*, 270 S.C. 691, 244 S.E. (2d) 315 (1978); *C.W. Matthews Contracting v. S.C. Tax Com'n*, 267 S.C. 548, 230 S.E. (2d) 223 (1976); *State v. Gibbes*, 109 S.C. 135, 95 S.E. 346 (1918).

In the absence of pre-constitutional statutes or common law cases addressing this issue, we turn to *Santee Oil Co., Inc. v. Cox*, 265 S.C. 270, 272, 217 S.E. (2d) 789, 791 (1975), the gravamen of which concerned the method of determining stock valuation. The Court found it unnecessary to decide whether or not that statutory proceeding was purely and exclusively one in equity. However, in determining its scope of review, the *Santee* Court held that the proceeding was essentially equitable in nature. *See also Metromont Materials Corp. v. Pen-*

*nell,* 270 S.C. 9, 18, 239 S.E. (2d) 753, 758 (1977).

The constitutional declaration that a right to trial by jury shall remain inviolate does not apply to cases within the equitable jurisdiction of the court. Historically, this Court has held that shareholder derivative actions fall under the equitable jurisdiction of the court, and a party is not entitled to a jury trial as a matter of right. *Collier v. Green,* 244 S.C. 367, 137 S.E. (2d) 277 (1964).

Doby relies upon *Johnson v. Spartanburg County Fair Ass'n,* 210 S.C. 56, 41 S.E. (2d) 599, 603 (1947), wherein an action to determine the fair market value of stock is characterized as an action at law. In that case, the Court was confronted with the issues of whether or not the Association was an eleemosynary corporation and the validity of the proposed sale of assets. We would note that despite this characterization, the valuation proceeding in *Johnson* was to be conducted by three court appointed appraisers.

S.C. Code Ann. § 33-13-300 provides in pertinent part:

> (d) The jurisdiction of the court in which the proceeding is commenced under subsection (b) is plenary and exclusive. The court may appoint persons as appraisers to receive evidence and recommend decisions on the question of fair value. The appraisers have the powers described in the order appointing them or in any amendment to it. The dissenters are entitled to the same discovery rights as parties in other civil proceedings.

In attempting to discern legislative intent, we look to the clear and unambiguous language of the statute which expressly delineates the procedure by which dissenters may obtain a remedy. We conclude that the plain language of the statute places determinations of stock valuation within the purview of the judge who is authorized to appoint and empower appraisers to receive evidence and recommend decisions on the issue of fair market value. This conclusion is further supported by the practical consideration of the intricacies involved in the valuation of stock, which could be inordinately complicated and confusing to members of a jury.

We conclude that an action to determine the fair market value of stocks owned by a dissenting shareholder constitutes a proceeding in equity to be tried by a judge without a jury.

Accordingly, the ruling of the circuit court is affirmed.

Affirmed.

CHANDLER, Acting Chief Justice, and TOAL and MOORE, JJ., concur.

HARWELL, C.J., not participating.