2095

Nellie P. CAMPBELL and Donald P. Campbell, Plaintiffs v. BEACON MANUFACTURING COMPANY, INC., and Spartan Security, Inc., Individually and as Agent and/or Employee of Beacon Manufacturing Company, Inc., Defendant, of whom: Beacon Manufacturing Company, Inc., is Respondent, and Spartan Security, Inc., is Appellant. Appeal of SPARTAN SECURITY, INC.

(438 S.E. (2d) 271)

Court of Appeals

*C. Stuart Mauney,* of *Gibbes & Clarkson,* Greenville, *for appellant.*

*John L. Choate* and *Pamela M. Pearson,* both of *Cozen & O'Connor,* Columbia, *for respondent.*

Heard Oct. 4, 1994.

Decided Dec. 6, 1994.

BELL, Judge:

This is an action in contract for indemnification. Nellie P. Campbell and Donald P. Campbell, not parties to this appeal, sued Beacon Manufacturing Company, Inc., and Spartan Security, Inc., for damages resulting from a fire that destroyed a warehouse owned by the Campbells and leased by Beacon. Beacon hired Spartan to provide security at the warehouse. A Spartan employee admits setting the fire that destroyed the warehouse. Beacon cross claimed against Spartan seeking indemnification for any liability it might have to the Campbells. The circuit court granted Beacon's motion for summary judgment against Spartan. Spartan appeals. We affirm.

Beacon and Spartan executed a written agreement in July, 1989, in which Spartan agreed to provide security services for Beacon at its warehouse in Westminster, South Carolina. This agreement provided:

> Contractor [Spartan] agrees to indemnify and hold harmless the Client [Beacon] against any and all judgments, damages, vehicle accidents and expenses, including without limitation, legal and other expenses the Contractor [sic] may incur defending any claims or legal actions, in whole or in part arising out of work done pursuant to this agreement or the acts of any of the Contractor's agents or employees.

Indemnity is that form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party. *Winnsboro v. Wiedeman-Singleton, Inc.,* 303 S.C. 52, 398 S.E. (2d) 500 (Ct. App. 1990), *aff'd,* 307 S.C. 128, 414 S.E. (2d) 118 (1992). A right of indemnity may arise by contract (express or implied) or by operation of law as a matter of equity. *Id.* A contract of indemnity will be construed in accordance with the rules for the construction of contracts generally. *Federal Pa-*

*cific Electric v. Carolina Production Enterprises*, 298 S.C. 23, 378 S.E. (2d) 56 (Ct. App. 1989).

1. Spartan does not deny its employee set the fire. It argues, however, that setting the fire was an act outside the scope of employment and was, therefore, not covered by the indemnity clause. It cites cases involving the employer's vicarious liability in tort for arson committed by an employee.

This case does not raise a question of Spartan's tort liability for the wrongful acts of its employee. The question here is whether Spartan obligated itself by contract to indemnify Beacon. In other words, it involves a question of interpreting the contract. We must look to the language of the contract, and if it is unambiguous, the language alone determines the force and effect of the agreement. *American Bankers Life Assurance Co. v. Frederick*, — S.C. —, —, 431 S.E. (2d) 636 (Ct. App. 1993) (Davis Adv. Sh. No. 16 at 31).

By the express terms of the contract, Spartan obligated itself to hold Beacon harmless against all judgments, damages, and expenses "arising out of" the acts of any of Spartan's employees. The language is comprehensive and unconditional. It makes no exceptions for tortious acts or acts outside the scope of employment. On the contrary, it expressly covers work done pursuant to the agreement "or" acts of employees. The use of the disjunctive negates Spartan's argument that the obligation to indemnify is limited to acts within the scope of employment.

2. In its pleadings, Spartan alleges Beacon was negligent in failing to install a fire protection system in the warehouse. It further alleges Beacon's own negligence proximately caused the damages from the fire. Based on these allegations, Spartan argues the contract of indemnity does not extend to indemnification for damage caused by negligence unrelated to the acts of its employees.

We first note that in opposing a motion for summary judgment a party cannot rely on the unadmitted allegations of its pleadings to create a genuine issue of material fact. *Humana Hospital-Bayside v. Lightle*, 305 S.C. 214, 407 S.E. (2d) 637 (1991). We find no evidence in the record to support Spartan's allegation that Beacon was negligent and thus contributed to its own damage. Consequently, there is no

genuine issue of fact on this issue to preclude summary judgment.

Assuming, however, that Beacon's negligence was in issue, summary judgment was still appropriate. In the contract, Spartan agreed to indemnify Beacon for damages arising "in whole or in part" from the acts of its employees. Even if it is conceded Beacon's own negligence was a concurring cause of the damage, it remains undisputed that the damage arose "in part" from the employee's act of setting the fire. Thus, under the clear terms of the contract, Spartan is obligated to indemnify Beacon.

Affirmed.

SHAW and CONNOR, JJ., concur.