2317

LOYOLA FEDERAL SAVINGS BANK, Appellant v. THOMASSON PROP-
ERTIES, a South Carolina Limited Partnership, Broadus L. Thomasson,
and Thomasson Development Corp., Respondents.

(456 S.E. (2d) 423)

Court of Appeals

*R.W. Dibble, Jr.* and *Rebecca G. Fulmer* both of *McNair &
Sanford*, Columbia, *for appellant.*

*William B. Harvey, III* of *Harvey & Battey*, Beaufort, *for
respondents.*

Submitted Feb. 7, 1995.

Decided Mar. 13, 1995.

HOWELL, Chief Justice:

This is an appeal from an order denying a motion to strike a
demand for jury trial. Loyola Federal Savings Bank brought

an action for indemnity against the respondents (collectively referred to herein as Thomasson). Thomasson filed an answer demanding a jury trial. Loyola filed a motion to strike the jury trial demand on the ground that its action was purely a matter of equity. The circuit court denied the motion to strike, concluding there were "ample legal issues of fact." Loyola appeals. We reverse.

In 1989, Loyola and Thomasson were named as codefendants in a suit filed by Northhampton Condominium Association, Inc. concerning construction of a condominium project on Fripp Island. Thomasson was the developer of and general contractor for the condominium project, while Loyola provided the construction financing for the project. A settlement of that action was reached between Northhampton, Loyola, and Thomasson. While many of the obligations under the settlement were imposed on Thomasson, Loyola was required to pay Northhampton $50,000. By the present action, Loyola seeks to recover that amount, plus legal fees and costs incurred in the litigation, from Thomasson.

## I.

Thomasson has a right to a jury trial only if Loyola's claim against Thomasson is legal in nature. If the claim is equitable, there is no right to a jury trial. *Defender Properties, Inc. v. Doby*, 307 S.C. 336, 415 S.E. (2d) 383 (1992). Indemnity is that form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party. *Campbell v. Beacon Mfg. Co., Inc.*, 313 S.C. 451, 438 S.E. (2d) 271 (Ct. App. 1993). A right of indemnity may arise by contract (express or implied) or by operation of law as a matter of equity. *Town of Winnsboro v. Wiedeman-Singleton, Inc.*, 303 S.C. 52, 398 S.E. (2d) 500 (Ct. App. 1990), *aff'd*, 307 S.C. 128, 414 S.E. (2d) 118 (1992). Loyola's indemnity claim is therefore equitable in nature. *See Griffin v. Van Norman*, 302 S.C. 520, 397 S.E. (2d) 378 (Ct. App. 1990) ("A cause of action for equitable indemnity is necessarily equitable in nature.") (Cureton, J., dissenting on other grounds).[1] Accordingly, Thomasson is not entitled to a jury trial.

---

[1] We recognize that the Supreme Court utilized the standard of review for a law case in *Stuck v. Pioneer Logging Machinery, Inc.*, 279 S.C. 22, 301 S.E.

However, Thomasson contends that it is entitled to a jury trial because Loyola's indemnification claim requires a determination of issues which are legal in nature, *i.e.*, Thomasson's own negligence and Loyola's freedom from fault. The fact that Northhampton's claims against Loyola and Thomasson in the underlying action were legal and thus triable by a jury does not change the nature of Loyola's indemnity claim against Thomasson from equitable to legal. *Cf. Pelfrey v. Bank of Greer,* 270 S.C. 691, 244 S.E. (2d) 315 (1978) (shareholders derivative action is equitable and triable by the court even if corporation would have been entitled to jury trial had it brought the action). The trial court therefore erred by refusing to strike Thomasson's jury trial demand.

## II.

Loyola also requests that this Court vacate certain factual statements in the order which the trial court characterized as "historical background." The trial court's order is interlocutory, and factual statements unnecessary to the issue addressed in a interlocutory order are not binding at trial, and and do not become the law of the case. *See Weil v. Weil,* 299 S.C. 84, 382 S.E. (2d) 471 (Ct. App. 1989) (the doctrine of the law of the case is not applicable to a statement by the court which does not constitute a binding adjudication); *Lucius v. DuBose,* 114 S.C. 375, 103 S.E. 759 (1920) (preliminary findings on interlocutory motions bind neither the parties nor the court at the trial on the merits). The only issue before the trial court was the right to a jury trial, which required only a determination of the nature of Loyola's claim. The challenged statements were not relevant to the issue before the court. Therefore, because the statements will have no preclusive effect at trial, we need not vacate them.

Accordingly, for the foregoing reasons, the appealed order is hereby

Reversed.

CURETON and CONNOR, JJ., concur.

---

(2d) 552 (1993), a case involving indemnification. However, the right to a jury trial was not at issue in *Stuck,* and we do not view the statement as characterizing an indemnity claim as legal.