558 S.E.2d 531

**LAURENS EMERGENCY MEDICAL SPECIALIST, P.A., Respondent,**

**v.**

**M.S. BAILEY & SONS BANKERS, and Laurens County Health Care System, Defendants,**

**of which Laurens County Health Care System is, Appellant.**

No. 3433.

Court of Appeals of South Carolina.

Submitted Oct. 22, 2001.

Decided Jan. 14, 2002.

Rehearing Denied March 20, 2002.

---

J. Michael Turner, of Turner, Able & Burney, of Laurens, for appellant.

A. Camden Lewis and Thomas A. Pendarvis, of Lewis, Babcock & Hawkins, of Columbia, for respondent.

GOOLSBY, J.

Laurens Emergency Medical Specialists (EMS) brought this action for, among other things, indemnification against M.S. Bailey & Sons Bankers and Laurens County Hospital Health Care System (collectively, Laurens County Hospital). The trial court granted summary judgment to EMS on the issue of liability, leaving only the amount of damages to be determined by a jury. Laurens County Hospital appeals. We affirm.[1]

Laurens County Hospital, a political subdivision, operates a hospital in Laurens County. EMS entered into an emergency services contract to furnish emergency room physicians and a medical director for the hospital's emergency department. The contract required Laurens County Hospital to employ and assign non-physician personnel to the emergency room to assist with administrative matters.

EMS brought this action after it discovered an administrative employee of the hospital who worked in the emergency department had embezzled funds belonging to EMS. EMS claimed its contract with Laurens County Hospital required the latter to indemnify it for all damages incurred as a result of the employee's theft.

---

1. Because oral argument would not aid the court in resolving the issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

 Laurens County Hospital's principal argument is that the absence of a third-party claim precludes the claim by EMS for indemnification based on contract. It points to the definition of "indemnity" given by Judge Bell in *Town of Winnsboro v. Wiedeman–Singleton.*[2] According to that definition, "[i]ndemnity is that form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party."[3]

But that is only one form an indemnity may take. Parties may choose other forms of compensation in which a first party shall be liable to pay a second party for a loss or damage the second party might incur. A definition given to the term "indemnity contract" suggests other forms:

A contract between two parties whereby the one undertakes and agrees to indemnify the other against loss or damage arising from some contemplated act on the part of the indemnitor, *or* from some responsibility assumed by the indemnitee, *or* from the claim or demand of a third person, that is, to make good to him such pecuniary damage as he may suffer.[4]

Moreover, in a recent case, the Texas Supreme Court similarly defined the term "indemnity agreement" to mean:

A collateral contract or assurance, by which one person engages to secure another against an anticipated loss or to prevent him from being damnified by the legal consequences of an act or forbearance *on the part of one of the parties* or of some third person.[5]

The contract provision in issue reads in pertinent part:

[Laurens County Hospital] will indemnify and hold [EMS] ... harmless from and against any and all claims, actions, liability, or expenses (including judgments, court costs, and reasonable attorney fees) caused by or resulting from allegations of negligent or wrongful acts or omissions of hospi-

2. 303 S.C. 52, 398 S.E.2d 500 (Ct.App.1990).

3. *Id.* at 56, 398 S.E.2d at 502.

4. Black's Law Dictionary 910 (4th ed.1968) (emphasis added).

5. *Dresser Industries, Inc. v. Page Petroleum, Inc.,* 853 S.W.2d 505, 508 (Tex.1993) (emphasis added).

tal employees, servants, or agents. Upon notice by [EMS], [Laurens County Hospital] will resist and defend and at its own expense, and by counsel reasonably satisfactory to [EMS], such claim or action.

■ The general rules that govern the construction and interpretation of other contracts also apply to the construction and interpretation of a contract of indemnity.[6] As with other contracts, the principal question focuses on the intent of the parties. Their intention is determined from the language used in the contract. If that language is clear and unambiguous, it must be given its plain and usual meaning.[7] A contract of indemnity will cover all losses that reasonably appear to have been within contemplation of the parties.[8]

■ Looking at the clear and unambiguous language of the contract or agreement here, we are satisfied the parties intended Laurens County Hospital to indemnify EMS and save it harmless from losses suffered by EMS at the hands of hospital employees where the losses resulted from their negligent or wrongful acts or omissions. The term "expense," which the contract uses, means "the laying out or expending of money" and includes "loss."[9] The theft of funds is a "laying out of money" or "loss" in anybody's book. Noticeably absent from the indemnity agreement is any language limiting the expenses or losses for which Laurens County Hospital would be obligated to compensate EMS to only those resulting from third-party claims.

■ Laurens County Hospital also faults the trial court with granting summary judgment. It claims an issue of fact existed regarding whether EMS's "own negligence contributed to or allowed the damage to occur." This contention manifestly lacks merit. The clear and unambiguous language of the indemnity agreement does not condition the liability of Laurens County Hospital for losses on anything related to EMS's

6. *Campbell v. Beacon Mfg. Co.*, 313 S.C. 451, 438 S.E.2d 271 (Ct.App. 1993).

7. 42 C.J.S. *Indemnity* § 9a, at 88 (1991).

8. *Id.* § 13, at 93.

9. *In re Bates' Will*, 152 Misc. 627, 629, 274 N.Y.S. 93 (N.Y.Sur.1934).

negligent actions or inactions. Any negligence on the part of EMS would not lessen the obligation of Laurens County Hospital to "indemnify and hold [EMS] . . . harmless from . . . expenses . . . caused by . . . [the] wrongful acts . . . of [h]ospital employees. . . ." [10]

**AFFIRMED.**

HEARN, C.J., and HUFF, J., concur.

---

10. *See United States v. Hollis*, 424 F.2d 188, 190 (4th Cir.1970) ("The courts have consistently enforced contractual indemnity provisions placing ultimate liability upon an indemnitor, even where the indemnitee's fault also contributed to the loss.").