THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
U.S. Bank National Association as Trustee under an Agreement dated March 
 1, 1999 (EQCC Home Equity Loan Trust 1999-3),       
Respondent,
 
 
 

v.

 
 
 
Floyd Briggs, Ezetha Green, also known as Eretha Green and as Eretha 
 M. Green-Daniels, and Michael Daniels,       
Defendants,
Of whom Ezetha Green, also known as Eretha Green and as Eretha M. Green-Daniels,       
Appellants.
 
 
 

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

Unpublished Opinion No. 2003-UP-661
Submitted September 17, 2003  Filed 
 November 17, 2003

AFFIRMED

 
 
 
Eretha M. Green Daniels, of Columbia, for Appellant.  

Gary Howard Johnson, II, of Columbia, 
 for Respondent.
 
 
 

PER CURIAM:  In this foreclosure action, 
 Eretha Green appeals the grant of summary judgment on her counterclaim in favor 
 of U.S. Bank National Association.  We affirm. 
 [1] 
FACTS AND PROCEDURAL HISTORY
Greens property was scheduled to be sold at a foreclosure 
 sale when she contracted to sell it to Floyd Briggs.  The contract states the 
 purchase price was the amount necessary to pay the back payments on the first 
 mortgage.  A bolded passage of the contract explains:  It is understood by 
 Seller that there is to be no equity paid to Seller at closing.  Seller acknowledges 
 that they are in foreclosure or about to be in foreclosure and Purchaser will 
 make up the back payments on the mortgage.  Briggs obtained an $81,000 loan 
 from EquiCredit Corporation to purchase the property and in an affidavit claimed 
 the conveyance was an arms length transaction in which he paid $79,059.50.  
 Although this figure matched the purchase price indicated on the deed, only 
 $66,350 was used to pay Greens lienholder.  It appears Greens note to her 
 lienholder was paid in full.  
Shortly after the closing, EquiCredit assigned its 
 interest in Briggs note and mortgage to U.S. Bank.  Green did not move out 
 of the residence, and Briggs did not pay on his note.  U.S. Bank then brought 
 suit to foreclose on the property.  In his answer, Briggs cross-claimed against 
 Green, who was named in the foreclosure action, asserting she had wrongfully 
 and illegally refused to vacate the premises.  Green did not respond timely 
 and the case was referred to the master in equity with the consent of the parties 
 not in default.  Green was later given leave to file an answer.  In her answer, 
 Green counterclaimed against U.S. Bank and Briggs, asserting they had misrepresented 
 the transaction to her and improperly arranged for her not to be paid for her 
 property.  Green demanded a jury trial and with U.S. Banks consent, the master 
 ordered Greens claim to be placed on the jury roster. 
U.S. Bank later moved for summary judgment 
 against Green on her claim.  The court granted the motion and Green moved for 
 reconsideration.  In a hearing on the motion for reconsideration, Greens representative, 
 Thurmond Guess, argued the circuit courts decision to grant summary judgment 
 was contrary to the masters order which indicated the claim should be heard 
 by a jury.  The circuit court explained the two orders were not contrary and 
 announced a form order would be forthcoming. 
LAW/ANALYSIS
Clearly, one judge cannot overrule or 
 set aside an order of another judge of the same court.  Rule 43(l), SCRCP; Charleston 
 County Dept. of Soc. Servs. v. Father, 317 S.C. 283, 288, 454 S.E.2d 307, 
 310 (1995).  This longstanding rule was not violated here because the orders 
 in question are not in conflict.  The master ordered, with the parties consent, 
 to have Greens legal claim put on the jury trial roster.  See Loyola 
 Federal Sav. Bank v. Thomasson Props., 318 S.C. 92, 93, 456 S.E.2d 423, 
 424 (Ct. App 1995) (noting a party who asserts a legal claim is entitled to 
 a jury trial whereas a party who asserts an equitable claim is not entitled 
 to a jury trial).  This ruling did not protect Greens claim against a motion 
 for summary judgment, however.  Summary judgment is proper where no genuine 
 issue of material fact exists and the moving party is entitled to judgment as 
 a matter of law.  Rule 56(c), SCRCP.  Because Green does not challenge the propriety 
 of the grant of summary judgment on its merits, the order on appeal is
 AFFIRMED.
 HUFF, STILWELL, and BEATTY, JJ., concur.

 
 
 [1]        We decide this case without oral argument pursuant to Rule 
 215, SCACR.