**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Cokers Commons Homeowner's Association, Inc.,
Respondent,

v.

Park Investors, LLC; CCT Reserve, LLC, f/k/a Harris
Street, LLC; and Whipple Development Corporation,
Defendants,

Of which Whipple Development Corporation is the
Appellant.

Appellate Case No. 2016-001156

Appeal From Berkeley County
J. C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2018-UP-191
Submitted April 1, 2018 – Filed May 9, 2018

**AFFIRMED**

Daniel Francis Blanchard III, of Rosen Rosen & Hagood,
LLC, and Russell Britton Kelly, of Kelly Law Firm,
LLC, both of Charleston, for Appellant.

Brent Souther Halversen, of Halversen & Associates,
LLC, and Thomas James Rode and Michael A. Timbes,

both of Thurmond Kirchner & Timbes, P.A., all of Charleston, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 56(c), SCRCP ("[Summary] judgment . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."); *Laurens Emergency Med. Specialists, PA v. M.S. Bailey & Sons Bankers*, 355 S.C. 104, 109, 584 S.E.2d 375, 377 (2003) ("Upon review, an appellate court reviews the grant of summary judgment under the same standard as the [circuit] court."); *Campbell v. Beacon Mfg. Co.*, 313 S.C. 451, 453, 438 S.E.2d 271, 272 (Ct. App. 1993) ("Indemnity is that form of compensation in which a first party is liable to pay a second party for a loss or damage the second party incurs to a third party."); *Laurens Emergency Med. Specialists*, 355 S.C. at 110, 584 S.E.2d at 378 ("[T]he default rule of interpretation for indemnity clauses is that third party claims are a prerequisite to indemnification."); *Campbell*, 313 S.C. at 453, 438 S.E.2d at 272 ("A contract of indemnity will be construed in accordance with the rules for the construction of contracts generally."); *Jordan v. Sec. Grp, Inc.*, 311 S.C. 227, 230, 428 S.E.2d 705, 707 (1993) ("[When] the language of a contract is plain and capable of legal construction, that language alone determines the instrument's force and effect.").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] The arguments on the issue of standing are not preserved for this court's review. *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("[A]n issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review.").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.